LILLIE F. WILLIAMS v. JOHN BLUE, HALBERT BLUE, FANNIE A. BLUE, AND J. W. GRAHAM.

(Filed 2 May, 1917.)

1. **Negligence—Automobiles—Chauffeur—Management of Car—Master and Servant—Employer and Employee.**

Where a chauffeur is running an automobile under the charge and direction of another therein, and by its negligent operation injury is caused to a third person, the chauffeur will be deemed the servant of such other person and fix him with liability, whether actually employed by him or not, and without respect to the fact of the ownership of the car.

2. **Pleadings—Allegations—Demurrer—Cause of Action.**

Where the allegations of a complaint to recover for the joint tort of several defendants are definite as to some and vague as to the others, but so interwoven that it appears that a cause of action is sufficiently stated as to all, a demurrer thereto will not be sustained for uncertainty of allegation.

CIVIL ACTION, heard at February Term, 1917, of MOORE, before *Webb, J.,* upon demurrer by defendants Fannie A. Blue and J. W. Graham.

The court sustained the demurrer and plaintiff appealed.

*H. F. Seawell, R. L. Burns for plaintiff.*
*U. L. Spence, Johnson & Johnson for defendants.*

BROWN, J. The ground of demurrer is that the complaint fails to state a cause of action as to the demurring defendants, Fannie A. Blue and J. W. Graham.

The demurrer of the defendant Fannie A. Blue sets forth that it appears upon the face of said complaint and from the allegations thereof that this defendant was a guest in the automobile referred to in the complaint at the time of the negligent acts complained of by the defendant Halbert Blue; and said complaint does not allege that this defendant participated in any respect in the negligent acts of the said Halbert Blue or in any way directed the commission of such negligent acts, or omitted to perform any duty owed by this defendant to the plaintiff in connection therewith, and fails to allege that this defendant had such control and direction of said automobile or said chauffeur, or assumed such control and direction of said automobile and chauffeur, as to be considered as practically in exclusive possession of said vehicle, and does not allege that this defendant had authority to control and direct the conduct of said chauffeur and the movement of said automobile.

The grounds of the demurrer of defendant Graham are that the complaint fails to state that he was the owner of the automobile or that the defendant Halbert Blue acted as his chauffeur, and that it appears from the whole complaint that he was only a guest in the car and exercised no control or direction over it.

The allegations of the complaint are so interwoven as to each defendant that it is difficult to separate and analyze the grounds of their individual liability.

The complaint alleges that the defendant John Blue was the owner of the automobile that collided with that of plaintiff and caused serious injury, and that such collision was caused by defendant Halbert Blue's negligence, who was acting at the time as chauffeur for defendant Fannie A. Blue. The complaint further alleges that at the time of the collision defendant Graham was in part directing the operation of the automobile.

While the allegations as to defendants Fannie Blue and J. W. Graham are rather meager, they are sufficient, we think, to require an answer upon their part.

Ownership of an outomobile is not essential to charge one with responsibility for its operation. The question is, was Fannie A. Blue in actual control of the machine? One in charge of operation of a motor vehicle, although he is neither the owner nor the person actually operating it, is nevertheless liable for injury sustained by

third persons by reason of its negligent operation, as the person actually operating the vehicle will be deemed his servant irrespective of whether he employed him or not.  28 Cyc., page 40.

If it should turn out upon the trial that defendant Fannie A. Blue was exercising no control over the machine or chauffeur and was occupying it simply as the wife of John Blue and with his consent, then she would not be liable.

As to defendant Graham, the allegation of the complaint, as we read it, is that he was actually assisting in operating the machine at the time of the collision.  If it should turn out upon the trial that he did not assist in directing the operation and course of the machine at the time of the collision he would not be liable.

The defendants will answer over.

Reversed.