J. H. PUSEY, Administrator, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 23 March, 1921.)

**1. Automobiles—Passengers— Imputed · Negligence— Evidence— Instructions.**

The principle applying that when two or more people riding in an automobile, on a joint enterprise, either for pleasure or on business, the one not driving is responsible for the contributory negligence, the proximate cause of the injury for which damages are sought in the action, must have supporting evidence in order to correctly give a requested instruction thereon.

**2. Same—Contributory Negligence.**

Where the contributory negligence of one driving an automobile is sought to be attributable to another occupant in the car, who received an injury proximately caused by such negligence, the mere fact that they were taking a pleasure ride at the time does not alone create a joint enterprise, and the negligence of the driver of the car will not be imputed to the injured occupant unless such occupant was the owner of the car, or had some kind of control over the driver; the relation of host and guest alone being insufficient.

**3. Same—Knowledge of Passenger.**

A prayer for instruction which places upon a guest in an automobile the duty to remonstrate with the driver thereof in order not to have the latter's contributory negligence imputed to him in his action to recover damages caused by a collision with a train, is erroneous where there is lack of evidence that the plaintiff was aware of or should have known of the circumstances tending to show the negligence of the driver of the automobile.

**4. Railroads—Automobiles—Public Crossings—Safety of Crossings.**

   The principle announced in *Tate v. R. R.*, 168 N. C., 523, and *Raper v. R. R.*, 126 N. C., 563, as to the negligence of a railroad company in failing to maintain its track at a public crossing as safe and convenient to the public as it would have been if the railroad had not built across such crossing, approved.

**5. Railroads—Automobiles—Negligence—Joint Liability.**

   An instruction to the jury, under the evidence in this case, making a railroad company and the driver of an automobile liable in damages for an injury proximately caused to a guest in the automobile, by their concurrent negligence, is approved on the principle announced in *Bagwell v. R. R.*, 167 N. C., 616.

APPEAL by defendant from *Connor, J.*, at the September Term, 1920, of SAMPSON.

This is a civil action to recover damages for wrongful death alleged to have been caused by the negligence of the defendant.

Randall Pusey, plaintiff's intestate, together with Henry Vann and Festus Turlington, were going from Falcon to Fayetteville, riding in a Ford runabout, Vann being the owner and driver of the car. The public road upon which the plaintiff's intestate was traveling crosses the Atlantic Coast Line Railroad just above Wade Station in Cumberland County at an acute angle. At the time of the injury complained of, 29 August, 1914, the defendant company was constructing a new track, parallel to its original track, and about eight feet distant therefrom, the new track having been practically completed at the crossing referred to, except that the dirt had not been packed in guard-planks laid down over the crossties as is always done when such crossings are completed.

The young men approached this crossing from the west side, passed over the old track, but when the wheels struck the rails of the new track they skidded, and the car was thrown something like 15 feet across the track to the point indicated on the plat, the front end of the car was reversed, and the three occupants thrown out, young Pusey being instantly killed.

The evidence was conflicting as to the rate of speed of the automobile at the time of the injury. Henry Vann, the driver of the car, testified that when he got on the track he was running from six to ten miles per hour. He also admitted that he had been drinking cider, and other witnesses testified to the same effect.

The evidence showed that many automobiles had passed over the crossing on the day in question; that there was a camp meeting going on at Falcon, and that the cars going to and coming from Fayetteville had to pass over this crossing.

PUSEY *v.* R. R.

There were three issues submitted to the jury: first as to the negligence of the defendant; second, as to the contributory negligence of the plaintiff's intestate; and third, as to damages.

The jury answered the first issue "Yes," the second issue "No," and the third issue "$10,000."

The only exceptions in the record are based upon the charge of the judge to the jury, and his refusal to give certain instructions as prayed for by the defendant, as follows:

"1. The defendant contends that a passenger in an automobile, which is being driven by another at a dangerous rate of speed, may be charged with negligence if he remains in the car and does not remonstrate with the driver, and that if the jury should have found from the greater weight of the evidence in this case that Henry Vann was driving the car at a dangerous rate of speed, and that Pusey remained in the car and made no effort to stop him, and that such conduct on the part of Vann, acquiesced in by Pusey, contributed to the injury complained of, then the jury should have answered the second issue 'Yes,' and his Honor erred in refusing to so charge.

"2. That his Honor should have given the second prayer for instructions, to wit: If the jury shall find from the greater weight of the testimony that young Pusey was going to Fayetteville with Turlington and Vann on a pleasure trip, and that they were all engaged in a joint enterprise, either of business or pleasure, and if the jury shall further find by the greater weight of the evidence that Pusey trusted the management of the car to Vann, and that Vann drove the car at a dangerous rate of speed, or entered a dangerous zone or crossing at a rate of speed in excess of what would be prudent under the circumstances; and if the jury shall further find that the injury would not have occurred but for said conduct on the part of Vann, then I charge you that Pusey would be guilty of contributory negligence, and it would be your duty to answer the second issue 'Yes.'

"3. That it was error to refuse to charge as requested as follows: I charge you that it is negligence on the part of a passenger if he commits his safety to an intoxicated driver of an automobile; and if the jury shall find from the greater weight of the evidence that Henry Vann was intoxicated, or under the influence of intoxicating liquors, and that this fact was known to young Pusey, and that Pusey continued his journey to Fayetteville under such circumstances; and if the jury shall find from the greater weight of the evidence that the injury complained of was caused by the intoxicated condition of Vann, or if said intoxicated condition contributed to said injury, then the deceased was guilty of contributory negligence, and it would be your duty to answer the second issue 'Yes.'

"4. That it was error to refuse to charge the jury that if they should find from the greater weight of the evidence that Henry Vann, the driver of the car, entered upon the crossing of the defendant at a greater rate of speed than six miles per hour, in violation of chapter 191 of the Public Laws of 1909, then Vann would be guilty of a violation of the criminal law; and if the jury should further find that Randall Pusey, at the time of the accident, was engaged with Vann in a joint enterprise, that is to say, that they were going to Fayetteville for recreation, and that Pusey did not remonstrate with Vann, or undertake to control the speed of the car, that Pusey would also be guilty of a misdemeanor in that he aided and abetted Vann in the violation of the criminal statute; and if the jury shall further find that but for such act and conduct on the part of Pusey the injury would not have occurred, then it would be the duty of the jury to answer the second issue 'Yes.' His Honor refused to give said instruction, and defendant excepted.

"5. That it was error to charge the jury as follows: The court charges you that from the evidence in this case, and the defendant so admits, that the crossing in question was across a public highway extending from Dunn to Fayetteville, and unless the defendant company built and maintained its tracks at said crossing, in a manner as safe and convenient to the public as it would have been if said railroad had not been built across said highway, then such neglect of duty would constitute negligence, and defendant excepted.

"6. That it was error to charge the jury that if they found that the negligence of the railroad company was the proximate cause of the injury, then they should answer the first issue 'Yes,' notwithstanding the fact that there was also negligence on the part of the driver; and he also charged them that if they found that the negligence of both the driver and the railroad company, both acting together, both concurring, both contributing to the result, caused the death of Mr. Pusey, then both the driver and the railroad company would be liable, and it mattered not. which one the plaintiff sued; that he was entitled to recover of either, and in that event they would answer the first issue 'Yes,' and defendant excepted."

*Fowler & Crumpler, Manning, Kitchin & Gavin, Butler & Herring, and Kerr & Herring for plaintiff.*
*Grady & Graham for defendant.*

ALLEN, J. The charge states clearly the contentions of the parties, and covers the first and third exceptions by specific instructions.

The courts recognize the doctrine included in the second prayer for instruction, but, as is said in *Withey v. Fowler,* 164 Iowa, 377: "It is.

somewhat difficult to state a comprehensive definition of what constitutes a joint enterprise as applied to this class of cases, but it is perhaps sufficiently accurate for present purposes to say that to impute a driver's negligence to another occupant of his carriage, the relation between them must be shown to be something more than that of host or guest, and the mere fact that both have engaged in the drive because of the mutual pleasure to be derived does not materially alter the situation."

The rule seems to be: "That the occupant of the automobile must be in a position to assume the control or control in some manner the means of locomotion. *Lawrence v. Sioux City* (Ia.), 154 N. W., 494, and it has been held that the fact the driver and the occupant were mutually engaged in a pleasure ride did not create a joint enterprise. *Withey v. Fowler Co.,* 164 Ia., 377; *Beard v. Klusmeier,* 158 Ky., 153; Ann. Cas., 1915 D, 342."

In *Hunt v. R. R.,* 170 N. C., 442, this principle was adopted, the Court saying: "Furthermore, it is held by the greater weight of authority that negligence on the part of the driver of an automobile will not as a rule be imputed to another occupant or passenger unless such other occupant is the owner or has some kind of control over the driver. This is undoubtedly the view prevailing in this State. See a learned opinion on the subject by *Associate Justice Douglas* in *Duval v. R. R.,* 134 N. C., 331, citing *Crampton v. Ivie,* 126 N. C., 894, both of these decisions being approved in the more recent case of *Baker v. R. R.,* 144 N. C., 37. See, also, *Bagwell v. R. R.,* 167 N. C., 611; *McMillan v. R. R.,* 172 N. C., 853."

In this case there is no evidence that Pusey had any control over the car, and therefore none that he was engaged in a joint enterprise with Vann, and, on the contrary, all the evidence is that Vann was the owner and driver of the car; that Pusey was a guest riding for the pleasure of the trip, and had no control over the car and nothing to do with driving it.

The prayer, therefore, had no evidence to support it, and could not have been given.

The fourth prayer for instruction is objectionable in several respects. It required the submission to the jury of the question of Vann and Pusey being engaged in a joint enterprise when there was no evidence to support it, and it contains the direction to the jury that going to Fayetteville for recreation is a joint enterprise, which, as we have seen, is not in accord with the authorities.

It also imposed the duty on Pusey to remonstrate, although he might not have known that Vann was exceeding the speed limit.

The fifth exception is to a part of the charge which is substantially copied from *Raper v. R. R.,* 126 N. C., 563, approved in *Tate v. R. R.,*

168 N. C., 523, and the sixth to a charge which is fully sustained by *Bagwell v. R. R.,* 167 N. C., 616.

After careful consideration of the record and briefs, we conclude that the judgment ought to be affirmed.

No error.

STACY, J., took no part in the decision of this case.