IDA WILLIAMS, ADMINISTRATRIX OF ED. C. WILLIAMS, DECEASED, v. ATLAN-
TIC COAST LINE RAILROAD COMPANY AND THE GARYSBURG
MANUFACTURING COMPANY.

(Filed 28 October, 1925.)

**1. Employer and Employee — Master and Servant — Negligence — Evidence—Nonsuit.**

. Upon motion to nonsuit in an action to recover damages for the negligent killing of plaintiff's intestate, an employee of defendant corporation, it is reversible error to grant defendant's motion as of nonsuit upon the grounds that the intestate had borrowed the truck upon which he met his death, when there is further evidence that his employer had furnished the truck to plaintiff and other employees for going to and from their work, and it was under its control at the time of the accident that inflicted the negligent injury.

**2. Same—Appeal and Error.**

In an action against an employer and a railroad company to recover damages for the negligent killing of plaintiff's intestate in a collision between a truck driven by a coemployee at the time of his death and the train of the defendant railroad company, with evidence tending to show that the truck was being driven in the service of the employer, and per *contra*, it is reversible error for the trial judge to instruct the jury that any negligence of the driver was attributable to plaintiff's intestate.

APPEAL by plaintiff from *Dunn, J.,* at March Term, 1925, of PENDER.

Civil action to recover damages for the wrongful death or negligent killing of plaintiff's intestate.

There was a judgment of nonsuit entered at the close of plaintiff's evidence exculpating the Garysburg Manufacturing Company from liability; and on the usual issues of negligence, contributory negligence and damages being submitted as between the plaintiff and the Atlantic Coast Line Railroad Company, the jury answered the first two in the affirmative. Judgment accordingly. The plaintiff appeals from both judgments, assigning errors.

*E. K. Bryan and C. E. McCullen for plaintiff.*
*Rountree & Carr for Atlantic Coast Line Railroad Co.*
*Herbert McClammy for Garysburg Manufacturing Company.*

STACY, C. J. Defendants earnestly contend that the nonsuit in favor of the Garysburg Manufacturing Company should be sustained and that the verdict in favor of the Atlantic Coast Line should be upheld, but we think there was more than a scintilla of evidence offered on the hearing tending to establish the plaintiff's position as against both defendants, which was sufficient to carry the matters to the jury for its consideration and determination.

It is now the settled rule of practice in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and she is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom. *Christman v. Hilliard,* 167 N. C., p. 6; *Nash v. Royster,* 189 N. C., 408.

Plaintiff's intestate, Ed C. Williams, and other employees of the Garysburg Manufacturing Company, were going from Burgaw, Pender County, to Long Creek, a distance of about ten miles, in a truck belonging to the manufacturing company, when a collision occurred between said truck and a passenger train of the Atlantic Coast Line Railroad Company, resulting in the death of plaintiff's intestate and injuring several others.

The nonsuit in favor of the manufacturing company was allowed upon the theory that the truck in question had been borrowed by plaintiff's intestate and was being operated under his direction and control at the time of the collision by one Connie Williams. Defendant contends that plaintiff's intestate was engaged in transporting laborers from the Long Creek section to Burgaw on his own responsibility and that it was distinctly understood between them that no liability should attach to the defendant, manufacturing company, by reason of the use of its truck. There was evidence tending to support this view of the case.

Plaintiff, on the other hand, takes the position that the laborers were being transported by the defendant, manufacturing company, and for its benefit. As bearing on this phase of the case, Connie Williams testified as follows:

"I live at Long Creek, and Ed Williams lived at Long Creek. About 17 or 18 of us lived in the Long Creek section, about 9 or 10 miles from Burgaw. The Garysburg Company furnished the truck for us to go back and forth home and back here to our work. Once a week I drove the truck for that purpose, every Saturday night and Monday morning. We had to come to Burgaw before we went to work, and were required to be there at 5:30; then we got on the train and went in the woods, about 10 miles, where we were working. Saturday evening when we got back and got our pay we went home on the truck. . . . We all worked for the Garysburg Company.

"On this evening I got the truck out of the house near the office—the Garysburg Company exercised dominion over that property—and I drove it down here and got some gas, over at Mr. Davis', did some shopping and started home. I did not pay for the gas, nor did anyone riding in the truck pay for it; it was charged to the company."

We think this evidence was sufficient to carry the case to the jury under the principle announced in *Tanner v. Lumber Co.,* 140 N. C., 475, and contended for by plaintiff in the present action, that where the master undertakes to furnish his laborers transportation to and from their work, it is his duty, in the exercise of ordinary care, to see to it that such transportation is rendered as reasonably safe as the character of it will permit. See note to *Thomas v. Wisconsin C. R. Co.,* as reported in 23 L. R. A. (N. S.), 954, where the authorities on the subject are collected and reviewed by the annotator.

A new trial must also be awarded as between the plaintiff and the Atlantic Coast Line Railroad Company, because of the following instruction on the issue of contributory negligence:

"And you will bear in mind, in considering the facts upon this issue, that any negligence with which you fix Connie Williams, the driver of said car, would be, and is to be, imputed to Ed Williams, the plaintiff's intestate." Plaintiff excepts.

If the plaintiff's view of the case be accepted by the jury, then this instruction was erroneous under the doctrine announced in *Pusey v. R. R.,* 181 N. C., 137, *White v. Realty Co.,* 182 N. C., 536, *Williams v. R. R.,* 187 N. C., p. 355, and other cases.

While not material to this appeal, the testimony of one of the witnesses, D. D. McAllister, a colored minister, probably ought not to be lost in the record. He said that Connie Williams drove the truck in question down Courthouse Avenue and approached the railroad track at "a very slow, melancholy speed."

There is no contention that the driver of the truck stopped before entering upon the railroad track, but this was on 24 December, 1922, prior to the enactment of the North Carolina "Stop Law," chap. 255, Public Laws 1923, which became effective 1 July, 1923.

The nonsuit will be reversed and a new trial awarded.

New trial.