MRS. JESSIE J. THURSTON v. ATLANTIC COAST LINE
RAILROAD COMPANY.

(Filed 1 October, 1930.)

1. **Railroads D b—Evidence of railroad company's negligence causing accident at crossing held sufficient to be submitted to jury.**

Where, in an action against a railroad company to recover damages sustained by the plaintiff in a collision between her automobile and defendant's train at a grade crossing of a much used street of a town, there is evidence tending to show that the defendant did not ring a bell or blow a whistle as the train approached the crossing, that the watchman employed by the defendant was standing some distance from the crossing with his signal hanging by his side, and failed to warn the plaintiff before she started across the track, is *held* sufficient to be submitted to the jury and overrule defendant's motion as of nonsuit.

2. **Same—Evidence of plaintiff's contributory negligence in crossing defendant's track held insufficient to bar recovery as matter of law.**

Where, in an action to recover damages sustained in a collision between plaintiff's automobile and defendant's train at a grade crossing,

there is evidence tending to show that the plaintiff slowed down her auto-
mobile to a speed not exceeding five miles per hour and looked and
listened before attempting to cross the tracks, and that she saw de-
fendant's watchman some distance from the crossing standing with his
back to her, and that as the front wheels of her car had passed over the
first rail the watchman ran towards her crying "stop," that she stopped
and attempted to back from the track when her engine stalled and was
hit by the train, with further evidence that if the plaintiff had not stopped,
but had gone on across the track the accident would not have occurred:
*Held*, the evidence of plaintiff's contributory negligence is insufficient to bar
her recovery as a matter of law, and the refusal of defendant's motion
as of nonsuit was proper.

**3. Appeal and Error J e—Error in this case, if any, held harmless and
appellant not entitled to new trial upon his exceptions.**

Exceptions to the trial court's ruling upon the admission of evidence
will not be sustained when the evidence is of little probative value and
the error, if any, is harmless; nor will a new trial be awarded for error
in the court's charge when the alleged error, if any, does not prejudice
the appellant.

APPEAL by defendant from *Small, J.,* at April Term, 1930, of
JOHNSTON. No error.

This is an action to recover damages for injuries to plaintiff's automo-
bile, and also to her person, caused, as alleged in the complaint, by the
negligence of the defendant. The defendant denied the allegations of
negligence, in the complaint, and in its answer relied upon its allegation
that plaintiff by her own negligence contributed to the injuries alleged.

The jury answered the issues involving defendant's liability in
accordance with the contentions of the plaintiff, and assessed her dam-
ages, resulting from injuries to her automobile, at $350, and her dam-
ages resulting from injuries to her person, at $1,000.

From judgment that plaintiff recover of the defendant the sum of
$1,350, and the costs of the action, defendant appealed to the Supreme
Court.

*Wellons & Wellons and Gulley & Gulley for plaintiff.*
*Abell & Shepard and Rose & Lyon for defendant.*

CONNOR, J. There was evidence offered at the trial of this action
tending to show that the injuries sustained by plaintiff were caused by
the negligence of defendant, as alleged in the complaint.

The said injuries were caused by a collision between a train operated
by defendant, on one of its tracks, and an automobile owned and driven
by plaintiff. The collision occurred between 9 and 10 o'clock, on the
morning of 28 November, 1928, at a public crossing in the town of
Dunn, N. C. At this crossing Broad or Main Street in said town passes

over and across three parallel tracks owned by defendant. As defendant's train approached said crossing on one of said tracks, plaintiff was driving her automobile on Broad Street toward the crossing. There was evidence tending to show that defendant did not ring a bell, or blow a whistle, as its train approached the crossing. There was also evidence tending to show that as plaintiff was driving toward the crossing, the watchman, employed by defendant to give warning to travelers on the street, was standing some distance from the crossing, talking to some one, with his signal hanging by his side. Plaintiff testified that no signal or warning was given her of the approach of defendant's train, before she drove on defendant's track. This evidence was sufficient to show that defendant was negligent as alleged in the complaint and that such negligence was the proximate cause of the injuries sustained by plaintiff. In *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180, it is said:

"The crossing in controversy was a grade crossing, and according to the evidence, one that was much used by the public. It was therefore the duty of the defendant to use due care in giving timely warning of the approach of its train either by sounding the whistle or ringing the bell at the usual and proper place in order that those approaching or using the crossing could be apprised that the train was at hand. It is established law that failure to perform this duty constitutes negligence. *Williams v. R. R.,* 187 N. C., 348, 121 S. E., 608; *Pusey v. R. R.,* 181 N. C., 137, 106 S. E., 452; *Goff v. R. R.,* 179 N. C., 216, 102 S. E., 320; *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814; *Edwards v. R. R.,* 132 N. C., 100, 83 S. E., 585." See, also, *Moseley v. R. R.,* 197 N. C., 628, 134 S. E., 645.

It does not appear from all the evidence offered at the trial of this action that a clear case of contributory negligence by the plaintiff had been made out. The principle on which *Harrison v. R. R.,* 194 N. C., 656, 140 S. E., 598, was decided is, therefore, not applicable to the instant case.

There was evidence tending to show that as plaintiff was approaching the crossing, and within 10 or 15 yards of defendant's track, she slowed down her automobile to a speed not exceeding five miles per hour. She looked and listened and did not see or hear the approaching train. As she turned her head from the left to the right, she saw the crossing watchman standing, with his back toward her, talking to some one, and with his signal hanging by his side. She then drove her automobile on the track. After her front wheels had passed over the first rail, she saw the train backing toward the crossing. She had not seen it before driving on the track, because it was obscured by a cotton platform on which a large number of bales of cotton were piled. At this

moment the crossing watchman ran toward her, holding up his sign, and calling, "Stop, stop, stop!" She stopped her automobile and attempted to back it from the track. Her engine stalled, and then the train struck the automobile, causing the injuries. But for the belated orders of the watchman, plaintiff would have passed over the crossing and avoided the collision.

There was evidence offered by defendant in contradiction of the evidence tending to show that the defendant, by its negligence, caused plaintiff's injuries. There was also evidence tending to support defendant's allegation that plaintiff by her own negligence contributed to her injury. This conflicting evidence was properly submitted to the jury upon the issues involving defendant's liability. There was no error in the refusal of defendant's motion for judgment as of nonsuit.

We have examined, with care, defendant's assignments of error based on its exceptions to the rulings of the court on its objections to the admission of certain evidence offered by the plaintiff. These assignments of error cannot be sustained. The evidence, if properly subject to objection, was of little probative value, and harmless.

If there was error in the instructions given by the court to the jury, to which defendant excepted, we are of opinion that such error was not prejudicial to the defendant. These instructions were pertinent chiefly to the issue involving contributory negligence, which the jury answered against the defendant. There was no error in the refusal of the court to give in its charge to the jury the instructions as requested by defendant. As we find no error for which the defendant is entitled to a new trial, the judgment will be affirmed. If the facts are as the jury found, the plaintiff is entitled to judgment. There was ample evidence to sustain the assessment of damages, resulting from the injuries to plaintiff's automobile and to her person.

No error.