ROBERT L. ELLIS v. ALLEN STANLEY GILLIS, CATHY JO GILLIAM, MINOR, HAZEL OWEN STINES AND PATRICIA GAIL RICE JONES, MINOR

No. 7228SC804

(Filed 17 January 1973)

Automobiles § 95— minor driver — no imputation of negligence to parent-passenger

Negligence of the minor driver of an automobile will not be imputed to her mother where the evidence discloses that the mother was simply a passenger in the automobile, there was no evidence to support allegations that the mother was giving driving instructions to her daughter at the time of the accident, and there was no evidence of any other relationship which would permit the negligence of the daughter to be imputed to the mother.

ON *certiorari* to review the order of *Thornburg, Judge,* 7 February 1972 Session of Superior Court held in BUNCOMBE County.

Civil action by plaintiff to recover damages for personal injuries sustained when he was struck by an automobile operated by defendant Jones, the daughter of defendant Stines. The automobile was owned by defendant Gillis and had been loaned to Jones by Gillis's daughter, defendant Cathy Jo Gilliam.

At the conclusion of plaintiff's evidence the court allowed the motion of defendant Stines for a directed verdict. Plaintiff excepted and gave notice of appeal. The record does not show the disposition of the claims against Gillis and Gilliam, but issues were submitted to the jury only as to the claim against defendant Jones. The jury answered the issues in favor of plaintiff and judgment was subsequently entered against Jones for $21,166.00. Plaintiff now seeks a reversal of the directed verdict entered for defendant Stines.

*Cecil C. Jackson, Jr. and W. Paul Young for plaintiff appellant.*

*Uzzell and DuMont by Harry DuMont for defendant appellee Hazel Owen Stines.*

GRAHAM, Judge.

We hold that the trial court was correct in allowing the motion of defendant Stines for a directed verdict and therefore

do not consider the several procedural questions that have been raised in a motion by appellee to dismiss the appeal.

There is no evidence to support allegations in the complaint that defendant Stines was giving driving instructions to her daughter at the time of the accident, nor is there evidence of any other relationship which would permit the negligence of the daughter to be imputed to her mother. The evidence discloses that defendant Stines was simply a passenger in the automobile. In the case of *Cox v. Shaw,* 263 N.C. 361, 139 S.E. 2d 676, Justice Sharp quoted with approval from the case of *Silverman v. Silverman,* 145 Conn. 663, 145 A. 2d 826, to the effect, " '[t]he negligence of a child is not imputed to a parent who does not control, or have the right and duty to exercise control of, the child's conduct in the operation of a vehicle; . . . unless the parent owns the vehicle and has the child drive it for him; . . . or the child was the agent of the parent in the operation of the vehicle at the time.' " *Id.* at 365, 139 S.E. 2d at 679.

While there is no allegation in the complaint charging defendant Stines with independent negligence, plaintiff now suggests that she negligently participated in the actual operation of the automobile. The only evidence to this effect is testimony by Stines that she took hold of the steering wheel and tried to steady the car when it went out of control and into a ditch after striking plaintiff. No inference of actionable negligence arises from this testimony.

Affirmed.

Judges HEDRICK and VAUGHN concur.