ROLESHA ANDREWS HARRIS, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JONATHAN ANDREW HARRIS (DECEASED); EDEN HARRIS AND RODERICK TODD HARRIS v. DAIMLER CHRYSLER CORPORATION AND/OR CHRYSLER CORPORATION; BREED TECHNOLOGIES, INC. AND/OR KEY SAFETY SYSTEMS, INC.; ELKINS REALTY, INC. AND/OR ELKINS MOTOR COMPANY AND/OR ELKINS CHRYSLER; CHIEH C. HSU; DORIS HSU AND/OR THE ESTATE OF DORIS HSU; ERICA HSU; YU WANG AND MING HON SUEN

No. COA06-383

(Filed 19 December 2006)

**1. Appeal and Error— appealability—dismissal of one of several defendants—substantial right affected**

An appeal from a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6), was interlocutory but not premature where all of plaintiffs' claims arose from the same event and the order granting a dismissal as to this defendant affected plaintiffs' right to have claims of joint and concurrent negligence determined in a single proceeding.

**2. Negligence— passenger in car—no right or duty to control car**

The trial court did not err by granting a dismissal for failure to state a claim upon which relief can be granted for a passenger in the rear seat of an automobile which crossed a center line and

struck plaintiffs' vehicle. Although plaintiffs made allegations of negligence concerning the fact that the driver was an unlicensed unemancipated minor, plaintiffs did not allege that this defendant had a legal right or duty to control the motor vehicle. Defendant was simply a passenger in the car.

### 3. Pleadings— Rule 11 sanctions—negligence claim against passenger in car—no basis in law

The trial court did not abuse its discretion by imposing Rule 11 sanctions in an automobile accident case where a claim was filed against a passenger in the back seat of an automobile who had no legal right or duty to control the operation of the vehicle. Moreover, the findings were sufficient to support the attorney fees plaintiffs' counsel was ordered to pay.

Appeal by plaintiffs from orders entered 29 November 2005 by the Honorable Kenneth C. Titus in Durham County Superior Court. Heard in the Court of Appeals 21 September 2006.

*Gray, Johnson, Blackmon, Lee & Lawson, L.L.P., by Mark V. L. Gray and Sharon M. Lawson-Davis for plaintiff appellant.*

*Hall, Rodgers, Gaylord, Millikan & Croom, PLLC, by Jonathan E. Hall and Kathleen M. Millikan for defendant appellee.*

STEELMAN, Judge.

Plaintiffs appeal orders of the trial court granting defendant Ming Hon Suen's motion to dismiss and motion for imposition of sanctions. We affirm both orders.

On 24 February 2005, defendant Erica Hsu and plaintiff Rolesha Andrews Harris were operating motor vehicles in opposite directions on Barbee Road in Durham County, North Carolina. Erica Hsu was fourteen years old and had neither a learner's permit nor a license to drive pursuant to N.C. Gen. Stat. § 20-11. Hsu operated the motor vehicle with the permission and consent of her father, defendant Chieh C. Hsu, who was a front-seat passenger in the car. Defendant Ming Hon Suen was a passenger in the backseat of the car driven by Erica Hsu. Rolesha Andrews Harris' daughter, Eden Harris, was restrained in a child safety seat in the backseat of Harris' car. Rolesha Harris was approximately seven months pregnant with Jonathan Andrew Harris at the time of the accident. Plaintiff's complaint alleged that the two vehicles collided after Erica Hsu lost control of

**HARRIS v. DAIMLER CHRYSLER CORP.**

[180 N.C. App. 551 (2006)]

her vehicle while attempting to adjust the heater. The Hsu vehicle crossed the center line and struck plaintiff's vehicle. The impact caused plaintiffs' car to roll several times before coming to rest on its roof beside the road.

As a result of the collision, Rolesha Andrews Harris was required to have an emergency caesarian section delivery. Jonathan Andrew Harris was born with brain damage and died four days later, on 28 February 2005, as a result of the trauma and injuries he sustained in the collision. Rolesha Andrews Harris and Eden Harris sustained injuries requiring medical treatment.

On 10 June 2005, plaintiffs filed a complaint alleging the negligence of Daimler Chrysler Corporation, Elkins Motor Company, Key Safety Systems, Inc., Chieh C. Hsu, Doris Hsu, Erica Hsu and Yu Wang. On 16 August 2005, plaintiffs filed an amended complaint that added a cause of action against Ming Hon Suen. On 31 October 2005, Ming Hon Suen filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), and a motion for imposition of sanctions against plaintiffs and their attorneys pursuant to N.C. Gen. Stat. § 1A-1, Rule 11. On 28 November 2005, the trial court entered an order granting Ming Hon Suen's motion to dismiss with prejudice, and a second order imposing sanctions and directing that plaintiffs' counsel reimburse Ming Hon Suen the sum of $1,500 for attorney's fees. Plaintiffs appeal.

## I: Interlocutory Appeal

**[1]** We must first determine whether plaintiffs' appeal is premature because the orders from which plaintiffs appeal are interlocutory. We hold that the orders are appealable.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *McCutchen .v. McCutchen*, 360 N.C. 280, 282, 624 S.E.2d 620, 622 (2006) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950)). "Any order resolving fewer than all of the claims between the parties is interlocutory." *McCutchen* at 282, 57 S.E.2d at 622-23 (citing *Dep't of Transp. v. Rowe*, 351 N.C. 172, 174, 521 S.E.2d 707, 708-09 (1999)).

> Interlocutory orders are appealable before entry of a final judgment if (1) the trial court certifies there is "no just reason to delay the appeal of a final judgment as to fewer than all of the claims or

parties in an action" or (2) the order "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment."

*McCutchen* at 282, 57 S.E.2d at 623 (quoting *Rowe* at 175, 521 S.E.2d at 709); *see also* N.C. Gen. Stat. §§ 1-277; 1A-1, Rule 54(b); 7A-27 (2005).

In the instant case, neither the order dismissing defendant Ming Hon Suen nor the order taxing sanctions contains a certification by the trial court that "there is no just reason for delay[,]" as required by N.C. Gen. Stat. § 1A-1, Rule 54(b) for entries of final judgments in which the court disposes of fewer than all of the claims or parties. This Court must therefore consider whether the orders of the trial court affect a substantial right as required by N.C. Gen. Stat. § 1-277.

We find that the trial court's order granting defendant Ming Hon Suen's motion to dismiss does affect a substantial right. This Court has held that the trial court's dismissal of one of several of plaintiffs' counts against defendants, resulting in the dismissal of one defendant, may affect a plaintiff's substantial right when all counts arise out of the same events. *See Fox v. Wilson*, 85 N.C. App. 292, 354 S.E.2d 737 (1987) (holding that the dismissal of one count of an amended complaint, resulting in dismissal of plaintiff's claim against one defendant, "affects a substantial right to have determined in a single proceeding the issues of whether she has been damaged by the actions of one, some or all defendants, especially since her claims against all of them arise upon the same series of transactions"); *see also DeHaven v. Hoskins*, 95 N.C. App. 397, 382 S.E.2d 856 (1989) (holding that entry of judgment as to one defendant alleged to have engaged in joint and concurrent negligence with the remaining defendants affected a substantial right because of the risk of inconsistent verdicts).

In the instant case, since all of plaintiffs' claims of negligence arose from the same event, the order granting dismissal of defendant Ming Hon Suen affected plaintiffs' substantial right "to have determined in a single proceeding" plaintiffs' claims of defendants' joint and concurrent negligence. *Fox* at 298, 354 S.E.2d at 741. We conclude that plaintiffs' appeal, although interlocutory, is not premature, and should be heard on the merits.

HARRIS v. DAIMLER CHRYSLER CORP.

[180 N.C. App. 551 (2006)]

## II: Motion to Dismiss

**[2]** Plaintiffs argue that the trial court erred in granting Ming Hon Suen's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. We disagree.

"When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true." *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006). "The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient." *Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997) (citation omitted). "A complaint is not sufficient to withstand a motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint." *Id.* (citation omitted). "Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim." *Id.* (citation omitted).

"The essential elements of any negligence claim are the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff." *Peace River Electric Cooperative v. Ward Transformer Co.*, 116 N.C. App. 493, 511, 449 S.E.2d 202, 214 (1994) (citation omitted)). "As stated by our Supreme Court in *Meyer v. McCarley and Co.*, 288 N.C. 62, 68, 215 S.E.2d 583, 587 (1975), '[t]he first prerequisite for recovery of damages for injury by negligence is the existence of a legal duty, owed by the defendant to the plaintiff, to use due care.' " *Id.* If no duty exists, there logically can be neither breach of duty nor liability. *See Stein*, 360 N.C. at 328, 626 S.E.2d at 267 (quoting *Cassell v. Collins*, 344 N.C. 160, 163, 472 S.E.2d 770, 772 (1996), *overruled on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998)).

Generally, there is no duty to take action to prevent the tortious conduct of third persons against the injured party. *See Hall v. Toreros, II, Inc.*, 176 N.C. App. 309, 325, 626 S.E.2d 861, 871 (2006) (stating "[i]n general, there is no duty to prevent harm to another by the conduct of a third person") (quoting *Hedrick v. Rains*, 121 N.C. App. 466, 469, 466 S.E.2d 281, 283 (citation omitted), *aff'd per curiam*, 344 N.C. 729, 477 S.E.2d 171 (1996)). However, there are exceptions to this general rule, arising typically when the defendant

HARRIS v. DAIMLER CHRYSLER CORP.

[180 N.C. App. 551 (2006)]

has a special relationship to the plaintiff or to the tortfeasor. *See Hall*, 176 N.C. App. at 325, 626 S.E.2d at 871. A "special relationship between the defendant and the [tortfeasor] . . . imposes a duty upon the defendant to control the [tortfeasor's] conduct[,] or a special relationship between the defendant and the injured party . . . gives the injured party a right to protection." *Hall*, 176 N.C. App. at 325, 626 S.E.2d at 871 (citation omitted). "In such event, there is a duty 'upon the actor to control the [tortfeasor's] conduct,' and 'to guard other persons against his dangerous propensities.' " *Id.* (quoting *King v. Durham County Mental Health Authority*, 113 N.C. App. 341, 345-46, 439 S.E.2d 771, 774 (1994) (citation omitted). Some recognized examples of special relationships include: "(1) parent-child; (2) master-servant; (3) landowner-licensee[1]; (4) custodian-prisoner; and (5) institution-involuntarily committed mental patient." *Id.* (quoting *King*, 113 N.C. App. at 346, 439 S.E.2d at 774). "In each example, 'the chief factors justifying imposition of liability are 1) the *ability to control* the person and 2) knowledge of the person's propensity for violence.' " *Id.* (emphasis added) (citation omitted).

The negligence of a driver of an automobile may also be imputed to a passenger through the following pertinent theories of vicarious liability, both of which require that the passenger "have the legal right to control the manner in which the automobile was being operated," *Davis v. Jessup and Carroll v. Jessup*, 257 N.C. 215, 221, 125 S.E.2d 440, 444 (1962) (citation omitted), rather than that the passenger actually exercise control of the vehicle. Our Supreme Court has further explained that the unexercised legal "right [or duty] to control" is not negligence per se:

Assuming the "right to control" . . . infers a "duty to control," the unexercised legal right or duty to control does not equate to negligence in the absence of a fair opportunity to exercise that right or duty. There must be a reasonable opportunity to exercise the right or duty coupled with a failure to do so.

*Stanfield v. Tilghman*, 342 N.C. 389, 394, 464 S.E.2d 294, 297 (1995). When the passenger has the legal right to control the automobile, the owner-occupant doctrine and the joint enterprise theory may permit, in some circumstances, the imputation of a driver's negligence to a

---

1. The North Carolina Supreme Court eliminated the distinction between invitees and licensees in premises liability cases in *Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). Owners and occupiers of land owe a duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors. *Id.*, 349 N.C. at 632, 507 S.E.2d 892.

**HARRIS v. DAIMLER CHRYSLER CORP.**

[180 N.C. App. 551 (2006)]

passenger in an automobile. *See U.S. Industries, Inc. v. Tharpe,* 47 N.C. App. 754, 763, 268 S.E.2d 824, 830 (1980); *James v. R. R.,* 233 N.C. 591, 598, 65 S.E.2d 214, 219 (1951).

The owner-occupant doctrine is applicable when the owner is a passenger in his own car. *Tharpe,* 47 N.C. App. 754, 268 S.E.2d 824. The negligence of the driver may be imputed to the owner because the owner has the legal right to control the automobile:

> The owner-occupant doctrine, so-called, holds that when the owner of the automobile is also an occupant while the car is being operated by another with the owner's permission or at his request, negligence on the part of the driver is imputable to the owner. Such is the case because the owner maintains the legal right to control the operation of the vehicle. That the owner does not exercise control or is physically incapable of exercising control is of no consequence. Indeed, the right of the owner to control the operation of the car can be inferred from the presence of the owner in the car.

*Tharpe,* 47 N.C. App. at 763, 268 S.E.2d at 830 (citations omitted). A rebuttable presumption arises that the owner has maintained the right to control and direct the operation of the vehicle. *See Siders v. Gibbs,* 39 N.C. App. 183, 185, 249 S.E.2d 858 (1978) (stating that the "principle of imputed negligence arises from the rebuttable legal presumption that, in the absence of evidence to the contrary, the owner/passenger maintains the right to control and direct the operation of the automobile"); *see also Green v. Tile Co.,* 263 N.C. 503, 139 S.E.2d 538 (1965).

The joint enterprise theory is applicable when "the occupant and the driver together ha[ve] such control and direction over the automobile as to be practically in the joint or common possession of it." *James,* 233 N.C. at 598, 65 S.E.2d at 219 (quoting *Albritton v. Hill,* 190 N.C. 429, 431, 130 S.E. 5, 6 (1925)). Furthermore, *James* cited the Blashfield Cyclopedia of Automobile Law and Practice for the following explanation of the requirements of the joint enterprise theory of liability:

> There must . . . in order that two persons riding in an automobile, one of them driving, may be deemed engaged in a joint enterprise for the purpose of imputing the negligence of the driver to the other, exist concurrently two fundamental and primary requisites, to wit, a community of interest in the object and purpose of the

undertaking in which the automobile is being driven and an *equal right to direct and govern the movements and conduct of each other in respect thereto*. The mere fact that the occupant has no opportunity to exercise physical control is immaterial.

*James*, 233 N.C. at 598, 65 S.E.2d at 219 (quoting 4 Blashfield Cyclopedia of Automobile Law and Practice § 2372 (emphasis added)); *see also* 1 Blashfield Automobile Law and Practice §§ 62.25, 62.26, 62.27 (3d ed. 1966). "A common enterprise in riding is not enough; the circumstances must be such as to show that [the passenger] and the driver had such control over the car as to be substantially in the joint possession of it." *James*, 233 N.C. 591, 65 S.E.2d 214 (citing *Hill*, 190 N.C. at 431, 130 S.E. at 6). Again, the issue is the legal right to control rather than the actual exercise of control. *Id.* (quotation omitted).

With regard to passengers in automobiles who are neither owner-occupants nor on a joint enterprise, our Supreme Court has held that "negligence on the part of the driver of an automobile will not, as a rule, be imputed to another occupant or passenger unless such other occupant . . . has some kind of control over the driver." *Tyree v. Tudor*, 183 N.C. 363, 370, 111 S.E. 714, 717 (1922) (quotation omitted); *see, e.g., Pusey v. R. R.*, 181 N.C. 137, 142, 106 S.E. 452, 453 (1921) (holding that the negligence of the driver could not be imputed to the passenger where it was not the passenger's car and he had no control over the driver); *see also Ellis v. Gillis*, 17 N.C. App. 297, 298, 193 S.E.2d 774, 775 (1973) (holding that the trial court did not err by directing verdict in favor of the passenger, reasoning that the driver's negligence was not imputed to the passenger, driver's mother, who did not control or have the "right and duty to exercise control" of the driver's conduct in the operation of the vehicle).

Plaintiffs erroneously rely on the following language from *Williams v. Blue*, 173 N.C. 501, 503, 92 S.E. 270 (1917), to impute negligence on passenger Suen:

One *in charge of operation of a motor vehicle*, although he is neither the owner nor the person actually operating it, is nevertheless liable for injury sustained by third persons by reason of its negligent operation, as the person actually operating the vehicle will be deemed his servant irrespective of whether he employed him or not.

*Id.* (emphasis added). Since 1917, numerous opinions from the appellate courts of North Carolina have construed and rendered an inter-

pretation of the aforementioned language from *Blue*. The Court in *Dillon v. City of Winston-Salem*, 221 N.C. 512, 520, 20 S.E.2d 845, 850 (1942), cited *Blue* for the following proposition: "[W]here it appears that the passenger has or exercises control over the driver, negligence of the driver is imputable to the passenger." In *Williams v. R. R.*, 187 N.C. 348, 351, 121 S.E. 608, 609 (1924), the Court clarified the holding of *Blue* and stated that "the negligence of a driver . . . is not imputable to a passenger therein unless the passenger has assumed such control and direction of the vehicle as to be practically in control thereof[.]" Furthermore, the Court in *Tudor*, 183 N.C. at 371, 111 S.E. at 717, cited *Blue* and explained that "[t]he prevailing view is that where the occupant has no control over the driver . . . the doctrine of imputed negligence does not apply." *Id.* (quotation omitted).

Here, plaintiffs made the following allegations of negligence as to the defendant Ming Hon Suen:

[F]ailed to prevent or advise Defendant Erica Hsu not to operate the vehicle knowing that she did not have a valid learner's permit or other driving privileges;

[F]ailed to exercise reasonable control and management over the vehicle to prevent injury to other drivers when he had the means to do so;

[F]ailed to recognize the danger posed to members of the community by allowing an unlicensed unemancipated minor to operate a motor vehicle;

[F]ailed to warn members of the community that an unlicensed unemancipated minor was operating a motor vehicle; and

[A]cted or failed to act in other ways that may be shown through discovery and at trial.

We first note that plaintiffs, after relying on *Blue*, do not assert in their amended complaint that Ming Hon Suen was "in charge" of the operation of the motor vehicle. *Blue*, 173 N.C. 501, 92 S.E. 270. In fact, plaintiffs do not assert that Suen had either the legal right, duty or opportunity to exercise any control whatsoever over the operation or management of the vehicle. Rather, plaintiffs allege that Suen "could have taken over the operation and management of the car" had he so chosen.

We hold that under the controlling case law of this State, plaintiffs' allegations do not, as a matter of law, state a claim for negli-

gence against defendant Ming Hon Suen. Plaintiffs do not allege, nor does the complaint contain allegations to support, the following possible legal theories for the liability of Ming Hon Suen: (1) that Ming Hon Suen had a special relationship to either Erica Hsu, the driver of the vehicle, or to plaintiffs; (2) that Ming Hon Suen was the owner-occupant of the vehicle; (3) that Ming Hon Suen was on a joint enterprise with Erica Hsu; (4) that Ming Hon Suen had the legal right and duty to control the operation of the motor vehicle, and the reasonable opportunity to exercise the right or duty coupled with a failure to do so; or (5) that Ming Hon Suen actually negligently exercised control over the vehicle. Since he was merely a guest passenger in the backseat of the vehicle, he had no legal right or duty to: (1) prevent Erica Hsu from operating or advise her not to operate the vehicle; (2) exercise control or management over the vehicle; (3) or to warn members of the community that Erica Hsu was unlicensed. Furthermore, in the absence of a legal duty, any failure of Ming Hon Suen to act affirmatively to prevent the negligence of Erica Hsu is not actionable at law.

"The evidence discloses that defendant . . . was simply a passenger in the automobile." *Gillis,* 17 N.C. App. at 298, 193 S.E.2d at 775 (holding that the trial court did not err by granting defendant's motion to dismiss because there was no "evidence of any other relationship which would permit the negligence of the [driver] to be imputed to the [passenger]"). "Absent legal grounds for visiting civil liability on defendant[s], our courts cannot offer plaintiffs the requested remedy." *Stein,* 360 N.C. at 325, 626 S.E.2d at 266. This assignment of error is without merit.

### III:  Rule 11 Sanctions

**[3]** Plaintiffs next argue that the trial court erred in granting the motion of defendant, Ming Hon Suen, for sanctions.

Rule 11 of the North Carolina Rules of Civil Procedure requires the attorney who signs a pleading to certify the following:

> [The attorney certifies] that to the best of his knowledge, information, and belief formed after reasonable inquiry [the complaint] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2005).

### HARRIS v. DAIMLER CHRYSLER CORP.

The North Carolina statute authorizing the imposition of Rule 11 sanctions does not authorize specific types of sanctions, but instead enables a trial court to impose "appropriate sanction[s]." *See* N.C. Gen. Stat. § 1A-1, Rule 11(a) (2006); *Turner v. Duke University*, 101 N.C. App. 276, 280, 399 S.E.2d 402, 405 (1991). Our standard of review with regard to the appropriateness of the particular sanction imposed is whether the trial court's decision was an abuse of discretion. *Id.* (stating that "[i]n the absence of statutory specificity relating to the selection of sanctions, our Supreme Court has approved an abuse of discretion standard as a proper means for reviewing the appropriateness of a particular sanction").

We first note that plaintiffs' primary argument in their brief is that their claim against Ming Hon Suen has merit. As discussed above, the trial court properly dismissed plaintiffs' claims against Ming Hon Suen due to their legal insufficiency. We note that the mere fact that a cause of action is dismissed upon a Rule 12(b)(6) motion does not automatically entitle the moving party to have sanctions imposed.

In the instant case, the trial court found that:

> [H]aving considered the Complaint in the light most favorable to the plaintiffs, being of the opinion that Plaintiffs' counsel filed this lawsuit against Defendant Suen when said counsel knew, or should have known upon a cursory investigation, that the lawsuit is not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; further, said claims against Defendant Suen appear frivolous and cannot have been interposed for any purpose other than to harass and intimidate Defendant Suen and needlessly increase the cost of litigation.

While the above recitation should have been clearly denominated "findings of fact" by the trial court, we hold that the foregoing language is sufficient for this Court to discern the trial court's reasoning. We may engage in effective appellate review of this order.

It is clear from the order of the trial court that Rule 11 sanctions were imposed because there was absolutely no basis in the law for any claim by plaintiffs against Ming Hon Suen, a passenger in the back seat of Hsu's vehicle. In plaintiff's complaint against defendant Ming Hon Suen, plaintiff has neither alleged that Suen had any legal right or duty to control the operation of the motor vehicle driven by defendant Hsu, nor has plaintiff made sufficient allega-

tions to establish a legal basis for liability by way of any of the numerous aforementioned theories of negligence and vicarious liability. We hold that the trial court correctly concluded that plaintiff's counsel signed the amended complaint in violation of N.C. Gen. Stat. § 1A-1, Rule 11(a) (2005). The sanction imposed by the trial court was not an abuse of discretion and is supported by sufficient findings of fact regarding the attorneys' fees awarded. This assignment of error is without merit.

AFFIRMED.

Judges GEER and STEPHENS concur.