Yvonne Morgan LYLES, Plaintiff,

v.

**K MART CORPORATION, Defendant.**

**No. C–C–88–354–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 10, 1989.

Pamela A. Hunter, Charlotte, N.C., for plaintiff.

James B. Spears, Jr., Robert S. Phifer, Haynsworth Baldwin Miles Johnson Greaves and Edwards, P.A., Charlotte, N.C., for defendant.

## ORDER AND MEMORANDUM OF DECISION

ROBERT D. POTTER, Chief Judge.

### I. PRELIMINARY STATEMENT

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment, filed December 20, 1988, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's Motion for Summary Judgment will be granted, and this Court will direct Plaintiff's attorney to show cause, if any, why sanctions should not be imposed upon her pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### II. NATURE OF THE CASE AND PRIOR PROCEEDINGS

This is a breach of contract case. Plaintiff alleges that Defendant unlawfully terminated her employment with Defendant and thereby caused her to suffer "severe depression and anxiety." Plaintiff alleges that Defendant's actions also caused her to lose custody and control over her minor son. Plaintiff is seeking $3,415.92 in actual damages and in excess of $10,000 as special damages.

This Court's subject-matter jurisdiction over this case, which was removed from state court pursuant to 28 U.S.C.A. §§ 1441(a), 1446 (West 1973 & Supp.1988), is based upon the parties' complete diversity of citizenship, 28 U.S.C.A. § 1332(a) (West Supp.1988), and, therefore, this Court must apply the substantive law of the State of North Carolina, 28 U.S.C.A. § 1652 (West 1966 & Supp.1988) ("Rules Decision Act"); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

On December 20, 1988, Defendant filed (1) its Motion for Summary Judgment, (2) a seven-page Memorandum of Law in support thereof, and (3) Plaintiff's Deposition, given on August 29, 1988. On December 30, 1988, Plaintiff filed a one-paragraph response.[1]

### III. FACTS [2]

Plaintiff, Yvonne Morgan Lyles ("Lyles"), is a resident of Mecklenburg County, North Carolina. Defendant, K Mart Corporation ("K Mart"), is a corporation organized under the laws of the state of Delaware, with its principal place of business in the state of Michigan. Lyles was employed by K Mart as an office worker.[3] In 1986, K Mart's management decided to transfer Lyles from her position in the cash room to the layaway department.[4]

---

1. Plaintiff incorrectly denominated her response to Defendant's Motion for Summary Judgment as a "Response to Defendant's Motion to Dismiss." Defendant has not filed a motion to dismiss.

2. It is interesting to note that in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court recognized that Rule 56 of the Federal Rules of Civil Procedure does not require the trial judge to make findings of fact, although such findings may be helpful to a reviewing court. *Id.* 106 S.Ct. at 2511 & n. 6.

3. Plaintiff began working in 1972 for a predecessor company, Holly Stores, Inc. K Mart bought Holly Stores, and Plaintiff continued her employment with K Mart as a successor. Lyles Depo. at 22, 34; Lyles Depo. Exh. 2 (Holly Stores Employment Application, dated July 13, 1972).

4. Lyles testified at her deposition that she returned from a vacation, and was told that she was being transferred from the cash room because her co-workers could not work with her anymore. Lyles Depo. at 43–50. Lyles testified that she thought people at K Mart suspected that

Lyles was upset about this transfer, so she left work and did not return for two weeks. After two weeks elapsed, one of K Mart's managers called Lyles on the telephone and asked her if she was going to return to work. Lyles indicated she would return to work after certain problems were straightened out.[5] This answer was apparently unsatisfactory, and Defendant's manager told Lyles that her employment with K Mart was terminated.[6]

Lyles testified at her deposition that she did not have a promise of employment for a definite term:

[Defendant's Counsel]. Paragraph 5 of your Complaint, Exhibit Number 1, says, "The employment agreement between the Plaintiff and the Defendant corporation amounted to a contract within the meaning of the law." Putting aside the words "contract" and "the law," that is what us lawyers are paid to handle, ... tell me what your agreement was with K Mart about your employment.

[Lyles]. As long as I did my job, that I could work there—

Q. Anything else?

A. And I complied with their rules.

Q. Anything else?

A. No, that's all I can recall.

Q. Excuse me?

A. That's all.

Q. Was there any agreement that you would work for any particular period of time ...?

A. No.

Q. You were not obligated to work, and K Mart was not obligated to employ you for any set period of time then?

A. No.

Q. Could you quit your work at K Mart anytime you wanted to?

A. Yes.

Q. And could you quit for any reason you wanted to?

A. Yes.

Q. Look at paragraph number 6 [of the Complaint] for just a moment.

A. (Witness complies).

Q. "The consideration for this agreement was that Plaintiff would perform her job in a competent and satisfactory manner" and as a result, the Defendant company would compensate the Plaintiff. Was there any other part to your agreement other than, you would do your job and they would pay you? Was there any other part of your agreement with the company?

A. No.

Q. Was your employment relationship with K Mart the same as all your co-workers [sic], or did you have some special arrangement with the company?

A. No.

Q. It was the same as other coworkers[sic]?

A. Right.

Lyles Depo. at 62–63.

Lyles also signed several documents during her employment with K Mart: Lyles Depo. Exhs. 2, 3, & 4. Each of these documents indicates that Lyles understood her employment to be "at will."[7]

## IV. QUESTIONS PRESENTED

(1) Do the undisputed material facts establish that Lyles employment with K Mart

---

she had stolen some money from an envelope in the cash room, but these accusations were never made against her directly. Lyles is apparently very concerned about these perceived accusations, but these details are irrelevant for determining Defendant's Motion for Summary Judgment.

**5.** Apparently Lyles was referring to her transfer to the layaway department and to her perceptions of unfounded accusations of theft.

**6.** Lyles Depo. at 54–57.

**7.** The following statement appears on side two of Exhibit 2, the Holly Stores Employment Application form:

IF EMPLOYED, I AGREE THAT:

A) ABSENT ANY OTHER WRITTEN CONTRACTUAL AGREEMENT THAT MIGHT BE APPLICABLE, MY EMPLOYMENT SHALL BE AT THE WILL OF, AND MAY BE TERMINATED BY THE COMPANY AT ANY TIME WITHOUT CAUSE AND WITHOUT PRIOR NOTICE

Lyles Depo. Exh. 2. Similar statements appear in Exhibits 3 and 4. All three documents were signed by Lyles.

was "at will" and that K Mart could, therefore, terminate her employment without breaching any contract of employment between Lyles and K Mart?

(2) Should this Court impose sanctions upon Plaintiff's attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure because it appears that Plaintiff's attorney signed and filed the complaint without undertaking a reasonable prefiling inquiry into the factual and legal basis for such complaint?

## V. SUMMARY JUDGMENT STANDARD OF DECISION

Rule 56(c) of the Federal Rules of Civil Procedure establishes the standard of decision this Court must use when determining Defendant's Motion for Summary Judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c).

Recently, the United States Supreme Court has had several occasions to construe the summary judgment standard established in Rule 56. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (antitrust conspiracy case); *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (libel action); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (asbestos related wrongful death action); *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1969) (alleged conspiracy to violate civil rights). These cases provide substantial guidance to this Court in its determination of Defendant's Motion for Summary Judgment.

In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Supreme Court noted:

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

*Id.* 106 S.Ct. at 1356 (emphasis in original; footnote and citations omitted; quoting Fed.R.Civ.P. 56).

In the present case, Defendant has the burden of production to show that there are no genuine issues for trial. If that burden of production has been met, then the burden of persuasion shifts to Plaintiff to establish that there are indeed genuine issues for trial.

In *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court stated the following:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* 106 S.Ct. at 2552–53; *accord White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir.1987).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id.*

Finally, it is worth noting that in *Anderson v. Liberty Lobby, Inc.* the Court held:

[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* 106 S.Ct. at 2511. On the other hand, all favorable inferences from the pleadings and depositions are to be drawn in favor of the party opposing the motion for summary judgment. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *White*, 820 F.2d at 101.

## VI. DISCUSSION

A. *Summary Judgment/Employment at Will*

The discovery period in this case ended on November 18, 1988. This Court finds that there has been adequate time for discovery in this case.

This Court is of the opinion that summary judgment is appropriate because Defendant has established that there are no genuine issues of material fact in this case. Plaintiff has not even attempted to oppose Defendant's showing; instead, she has relied exclusively upon the allegations of her complaint.[8] The evidence before this Court —Lyles' deposition testimony and the exhibits—establishes that there is not a genuine issue of material fact. Lyles was an "at will" employee, and, therefore, K Mart could terminate her employment at anytime for any reason or for no reason at all.

For nearly one hundred years, North Carolina has accorded employers broad freedom in their employment decisions. *Guy v. Travenol Labs., Inc.*, 812 F.2d 911, 912–913 (4th Cir.1987) ("In its pristine form, the doctrine of employment at will permits an employee to be discharged for

almost any reason."). It is well settled in North Carolina that a contract for employment for an indefinite term is terminable at the will of either party. *Presnell v. Pell*, 298 N.C. 715, 723–724, 260 S.E.2d 611, 616 (1979). Furthermore, employment contracts which purport to provide permanent employment for so long as the employee satisfactorily performs her duties are terminable at will by either party where "they are not supported by any consideration other than the obligation of service to be performed on the one hand and wages or salary to be paid on the other." *Tuttle v. Kernersville Lumber Co.*, 263 N.C. 216, 219, 139 S.E.2d 249, 251 (1964). "[A] contract of employment [that does not contain a provision concerning the length of the employment], even though it expressly refers to the employment as 'a regular, permanent job,' is terminable at the will of either party irrespective of the quality of performance by the other party." *Still v. Lance*, 279 N.C. 254, 259, 182 S.E.2d 403, 406 (1971). In *Guy v. Travenol Laboratories, Inc.*, the United States Court of Appeals for the Fourth Circuit noted that

[t]he courts of North Carolina have recognized that every adverse employment decision presents a potentially litigable conflict of fact and perception, that the judicial resources of North Carolina should not generally be expended on such matters, and that the freedom of employers to dismiss employees perceived as unreliable or incompetent should not be lightly circumscribed.

812 F.2d at 913.

■ Defendant has provided evidence that establishes that Plaintiff was working under an agreement without a promise of employment for a definite term. Thus, this Court concludes that Plaintiff's employment was terminable at the will of either party and that her termination of employment did not constitute a breach of contract. Plaintiff has not provided any evi-

---

**8.** Plaintiff's response simply states the following:

The Plaintiff herein, states that there does exist a genuine issue of material fact in this cause and that the excerpts from the Deposition of said Plaintiff upon which Defendant relies on [sic] support of said Motion constitutes [sic] a conclusion of law, and not a question of fact.

Plaintiff's Response to Defendant's Motion to Dismiss, *Lyles v. K Mart Corp.*, C-C-88-354-P (W.D.N.C. filed Dec. 30, 1988).

dence to establish that a recognized or arguable exception to the "at will" doctrine should be made in this case.

B. *Rule 11 Sanctions*

This Court has determined, sua sponte, that it may be appropriate in this case to impose sanctions on Plaintiff's attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 of the Federal Rules of Civil Procedure, as amended in 1983, states, in pertinent part, the following:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or a party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading is signed in violation of this rule, the court, upon motion *or upon its own initiative,* shall impose upon the person who signed, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11 (emphasis added).

As the Advisory Committee Notes to the 1983 amendment to Rule 11 explain, the amended Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Advisory Committee Notes, 97 F.R.D. 198, 198 (1983); *accord NCNB Nat'l Bank of North Carolina v. Tiller,* 814 F.2d 931, 941 (4th Cir.1987);

*Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987). "The standard is one of reasonableness under the circumstances." Advisory Committee's Notes, 97 F.R.D. at 198.

On the other hand, the Advisory Committee Notes go on to explain the following:

> The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring into what was reasonable to believe at the time the pleading, motion, or other paper was submitted. Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion or other paper was based on a plausible view of the law or whether he depended on forwarding counsel or another member of the bar.

*Id.* at 199.

"If an attorney's conduct appears to fall within the scope of Rule 11, the court must first examine the action at issue according to a standard of objective reasonableness. At this stage, the inquiry focuses only on whether a reasonable attorney in like circumstances would believe his actions to be factually and legally justified. If the standard of objective reasonableness is not met, sanctions are mandatory." *NCNB Nat'l Bank of North Carolina v. Tiller,* 814 F.2d 931, 941 (4th Cir.1987); *Cabell v. Petty,* 810 F.2d 463, 466 (4th Cir.1987). An attorney accused of committing a violation of Rule 11 must be given an opportunity to respond, orally or in writing, but Rule 11 does not necessarily require hearings separate from trial. *Donaldson v. Clark,* 819 F.2d 1551, 1558–62 (11th Cir. 1987); *Rodgers v. Lincoln Towing Serv.,* 771 F.2d 194, 205 (7th Cir.1985).

A district court's imposition of sanctions against counsel for pursuing frivolous litigation ordinarily is entitled to deference by the appellate courts and will not be disturbed except for an abuse of discretion.

*Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.,* 827 F.2d 984, 987 (4th Cir. 1987); *Stevens v. Lawyers Mutual Liability Ins. Co.,* 789 F.2d 1056, 1060 (4th Cir. 1986). The Advisory Committee's Notes to Rule 11 make clear that

> the words "shall impose" in the last sentence of [Rule 11] focus the court's attention on the need to impose sanctions for pleading and motion abuses. The court, however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to particular facts of the case, with which it should be well acquainted.

97 F.R.D. at 200; *see Cabell v. Petty,* 810 F.2d 463, 466–467 & n. 5 (4th Cir.1987).

It appears to this Court that Plaintiff's attorney did not make a reasonable prefiling inquiry before signing and filing Plaintiff's complaint in this case. Such a reasonable prefiling inquiry would have disclosed the underlying facts of this case and the applicable North Carolina law. When faced with the facts and the law, Plaintiff's attorney should have concluded that there was no basis for a breach of contract action. Instead, Plaintiff's attorney drafted a complaint, signed it, and filed it. These actions appear to violate Rule 11. Therefore, this Court will direct Plaintiff's attorney to show cause, if any, why sanctions should not be imposed upon her.

It must be mentioned that the undersigned takes no great pleasure in imposing a sanction of any sort upon this attorney, but "[i]f judges turn from Rule 11 and let it fall into disuse, the message will be clear to those inclined to abuse or misuse the litigation process." *Coburn Optical Indus., Inc. v. Cilco, Inc.,* 610 F.Supp. 656, 661 (M.D.N.C.1985).

## VII. CONCLUSIONS

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment, filed December 20, 1988, is *GRANTED.*

IT IS FURTHER ORDERED that Plaintiff's Claims for Relief are *DISMISSED UPON THE MERITS.*

IT IS FURTHER ORDERED that Plaintiff's attorney, PAMELA HUNTER, shall, within fourteen (14) days of the date of filing of this Order, *SHOW CAUSE,* if any, why this Court should not impose sanctions upon her pursuant to Rule 11 of the Federal Rules of Civil Procedure.

A Judgment in Defendant's favor shall be entered simultaneously with this Memorandum of Decision.