ROBIN LAXTON SHOOK v. TONY RALPH SHOOK

No. 8825DC895

(Filed 19 September 1989)

### 1. Divorce and Alimony § 18.9— alimony—dependent spouse—no showing by plaintiff

The trial court properly dismissed plaintiff's claim for alimony and alimony pendente lite where plaintiff asserted in her complaint that she was a dependent spouse, but the only support she offered for this conclusion was factually incorrect evidence of her husband's salary, and she presented no evidence that she needed assistance to subsist during prosecution of the suit.

SHOOK v. SHOOK

[95 N.C. App. 578 (1989)]

**2. Attorneys at Law § 7.7; Rules of Civil Procedure § 11— insufficient basis for alimony claim—inflated figures knowingly used by attorney—sanctions**

The trial court did not abuse its discretion in imposing sanctions against plaintiff's attorney pursuant to N.C.G.S. § 1A-1, Rule 11(a) where he filed a complaint on her behalf for alimony and alimony pendente lite which was not well grounded on fact or law and not based on any reasonable factual inquiry, and the attorney consistently used inflated figures even after the opportunity to amend.

APPEAL by plaintiff from *Bogle (Ronald E.), Judge.* Order entered 18 May 1988 in District Court, CALDWELL County, dismissing plaintiff's request for alimony and for Rule 11 sanctions against her attorney. Heard in the Court of Appeals 16 March 1989.

*W. P. Burkhimer for plaintiff-appellant.*

*Wilson and Palmer, P.A., by Hugh M. Wilson, for defendant-appellee.*

ORR, Judge.

Plaintiff and defendant were married on 17 January 1987. On 14 March 1988, plaintiff filed a complaint requesting a divorce from bed and board, alimony and alimony *pendente lite*, attorney fees, court costs and equitable distribution. *See* G.S. 50-7, 50-16.2, 50-16.3, 50-16.5, and 50-20. Plaintiff's complaint included the following requests: $3,000.00 per week for support, $10,000.00 for costs and expenses for maintaining the action, $20,000.00 for "expenses incurred in presenting plaintiff's claim for relief . . ." and $30,000.00 for "expenses of the appeal . . . ."

On 24 March 1988, defendant filed a motion to dismiss plaintiff's claim pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. In addition, on 24 March 1988, defendant filed a motion to strike plaintiff's complaint and to impose G.S. 1A-1, Rule 11(a) sanctions against plaintiff's attorney because many of the allegations in the complaint were "untrue and ridiculous" and were made with plaintiff's attorney's knowledge.

SHOOK v. SHOOK

[95 N.C. App. 578 (1989)]

I.

[1] Plaintiff's first contention is that the trial court erred by finding her pleadings were insufficient on their face and dismissing her action for alimony and alimony *pendente lite*. We disagree.

Plaintiff requested alimony *pendente lite* under G.S. 50-16.3 and permanent alimony under G.S. 50-16.5. These statutes require there be a "dependent spouse." A "dependent spouse" is defined in G.S. 50-16.1(3) as a spouse "who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse."

Plaintiff asserted in her complaint that she was a "dependent spouse," but the only support she offered for this conclusion was evidence (which was factually incorrect) of her husband's salary. She did not present any evidence that she needed assistance to "subsist during the prosecution or defense of the suit . . . ." G.S. 50-16.3. Such evidence is critical to plaintiff's claim because in order to be awarded the relief she requested the court must make a finding that she is a dependent spouse.

This Court has overturned alimony *pendente lite* awards when "the trial court made factual findings as to the earnings of the parties, but made no finding of fact that the wife in this case is either 'substantially dependent' upon her husband for her maintenance and support or that she is 'substantially in need of maintenance and support' from her husband." *Manning v. Manning*, 20 N.C. App. 149, 152, 201 S.E.2d 46, 49 (1973).

The trial court in the case at bar properly dismissed plaintiff's claim for alimony and alimony *pendente lite* in accordance with defendant's G.S. 1A-1, Rule 12(b)(6) motion. Plaintiff failed to state a claim upon which relief could be granted and we affirm the trial court's ruling.

II.

[2] Plaintiff's next contention is that the trial court abused its discretion by imposing sanctions against her attorney pursuant to G.S. 1A-1, Rule 11. Plaintiff claims there was no legal basis for the imposition of sanctions. We disagree.

## SHOOK v. SHOOK

[95 N.C. App. 578 (1989)]

G.S. 1A-1, Rule 11(a) states:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay . . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

G.S. 1A-1, Rule 11(a). (Emphasis added.)

The North Carolina Supreme Court has recently set the standard for appellate review of trial court decisions imposing Rule 11(a) sanctions. *See Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989). In reversing the Court of Appeals' use of the "clearly erroneous" standard, the Supreme Court set out the following three-part test for *de novo* review:

> In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's *decision* to impose or deny the imposition of mandatory sanctions under N.C.G.S. [sec.] 1A-1, Rule 11(a).

*Id.* at 165.

In the case *sub judice*, the complaint stated that defendant, a postal service employee, earned "income of about $5,000.00 or more per week . . . ." Plaintiff alleged that $3,000.00 per week was from defendant's job with the U.S. Postal Service. If this allegation was true, defendant's income from the postal service would be $156,000.00 per year. Further, plaintiff's own affidavit

states defendant made $3,000.00 per *month*, not per week. After defendant's initial motion to strike and for appropriate sanctions, plaintiff's counsel filed income tax returns of plaintiff but took no action to amend the original pleadings. Plaintiff's counsel had a second opportunity to amend the pleadings when defendant filed a second motion for sanctions on 6 April 1988. However, plaintiff again failed to do so despite having an additional 40 days before the order was entered 18 May 1988.

Judge Bogle's findings of fact in his order of 18 May 1988 include the following:

1. The Plaintiff has initiated this action seeking from the Defendant, *inter alia*, first, a divorce from bed and board to include the following:

(a) $3,000.00 per week in temporary and permanent support payments to Plaintiff.

(b) Attorney fees equal to 15% of the gross assets of Defendant alleged to be $500,000.00; an additional sum of 20% of the gross value of Defendant's assets upon the entry of a permanent order; or an additional 25% of the gross value of Defendant's assets if the Defendant should appeal from the judgment to this Court. Under the circumstances most favorable to Plaintiff, she seeks attorney fees equal to 40% of the alleged value of Defendant's estate (or $200,000.00).

(c) Additionally, Plaintiff seeks "$10,000.00 estimated costs and expenses of bringing and maintaining this action," plus an additional "$20,000.00 for presenting Plaintiff's claims for relief to be paid at the entry of final judgment, or $30,000.00 additional expense assessment if Defendant should appeal." But in no case less than $30,000.00, nor more than $40,000.00 for estimated costs in this non-complex matter.

7. This Court is of the opinion that it is unrealistic to believe that a postal employee earns $156,000.00 per year, and *any* effort by counsel for Plaintiff would have revealed the unreasonableness of his contentions. Counsel for Plaintiff knew or should have known that they were false or inaccurate.

8. The complaint contends that the Plaintiff needs $3,000.00 per week for temporary and permanent alimony. The court has carefully reviewed her financial affidavit in support of

SHOOK v. SHOOK

[95 N.C. App. 578 (1989)]

her claim and, even in the light most favorable to her, the affidavit alleges expenses of only $779.00 per month, along with a bi-weekly gross income of $1,615.00 and bi-weekly net income of $1,175.00. The documents of Plaintiff on their face tend to negate the need of any temporary alimony. On the issue of permanent alimony, there is no allegation in the pleadings that Defendant is the "supporting spouse"; and without such claim, she would not otherwise be entitled to that relief.

9. Most shocking to the Court is the claim of Plaintiff for $30,000.00 to $40,000.00 in alleged, "costs and expenses of bringing and maintaining this action," which does not appear to be of a complex nature; along with the claim of Plaintiff's counsel that he receive 35% to 40% of the gross assets of the parties which he alleges to be worth $500,000.00 based upon his alleged reasonable factual inquire for "attorney fees." These claims for costs and attorney fees are unconscionable.

Judge Bogle also made the following conclusions of law and judgment:

CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact, the Court concludes as a matter of law, as follows:

1. That the complaint of Plaintiff is not well grounded in fact or law, and is not based upon any reasonable factual inquiry.

. . .

ORDER

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That the Court does impose sanctions upon counsel for Plaintiff, and orders that he shall reimburse Defendant for reasonable attorney fees in the amount of $725.00.

. . .

Applying the three-prong test which the Supreme Court mandates in *Turner*, we find the trial court clearly met each requirement. The findings of fact set out in Judge Bogle's order were supported on the face of the complaint plaintiff's attorney filed

in this action. The trial court's conclusions of law reflect the fact that sanctions were filed against plaintiff's attorney after he filed the complaint and he still failed to inquire and amend the pleadings even with ample opportunity to do so. The trial court's conclusions of law required sanctions be imposed under G.S. 1A-1, Rule 11(a).

The North Carolina rule governing sanctions was amended (effective 1 January 1987) to include the stricter language of the parallel Federal rule. The advisory committee's notes to Federal Rule 11 state:

> the words 'shall impose' in the last sentence [of Rule 11] focus the court's attention on the need to impose sanctions for pleading and motion abuses. The court, however, retains the necessary flexibility to deal appropriately with violations of the Rule. It has discretion to tailor sanctions to particular facts of the case with which it should be well acquainted.

Fed. R. Civ. P. 11. Advisory committee notes (citation omitted).

The Supreme Court states in *Turner* that Federal Rule 11(a) was amended in 1983 "to reduce the reluctance of the federal courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations by the imposition of sanctions." *Turner*, 325 N.C. at 163, 381 S.E.2d at 713. *Accord, Harris v. March*, 679 F.Supp. 1204 (E.D.N.C. 1987).

In a recent federal court case, sanctions were imposed against an attorney for signing and filing a complaint without a reasonable inquiry into its factual and legal basis. *Lyles v. K-Mart Corp.*, 703 F.Supp. 435 (W.D.N.C. 1989). The Court held:

> [i]f an attorney's conduct appears to fall within the scope of Rule 11, the court must first examine the action at issue according to a standard of objective reasonableness . . . . [T]he inquiry focuses only on whether a reasonable attorney in like circumstances would believe his actions to be factually and legally justified. If the standard of objective reasonableness is not met, sanctions are mandatory.

*Id.* at 440.

Under this new objective standard, we believe the consistent use of inflated figures in plaintiff's complaint, after the opportunity to amend, was sufficient evidence for the trial court to support

its findings of fact, make its conclusions of law and impose Rule 11 sanctions. Therefore, this assignment of error is overruled.

The trial court's ruling is affirmed.

Affirmed.

Judges BECTON and PARKER concur.