ALBERT ISAAC DODD, Plaintiff v. W. FRANK STEELE, M.D., W. F. STEELE, M.D., P.A., AND VALDESE GENERAL HOSPITAL, INC., Defendants

No. 9325SC497

(Filed 3 May 1994)

**1. Appeal and Error § 176 (NCI4th)— motion to dismiss appeal and for sanctions—motion properly directed to trial court**

Because defendant's motion to dismiss the appeal and for sanctions was filed over five months before the appeal was

docketed in the Court of Appeals, defendant's motion was properly directed to the trial court; furthermore, neither the dismissal of a case nor the filing of an appeal deprives the trial court of jurisdiction to hear Rule 11 motions.

**Am Jur 2d, Appeal and Error §§ 352 et seq.**

2. **Pleadings § 63 (NCI4th)— appeal after voluntary dismissal—appeal not warranted by law—sanctions proper**

There was no merit to plaintiff's contention that the trial court erred in imposing Rule 11 sanctions because his appeal after filing a voluntary dismissal was warranted by existing law or a good faith extension of existing law, since, under North Carolina law, it is clear that a voluntary dismissal terminates a case and precludes the possibility of an appeal.

**Am Jur 2d, Pleading § 339.**

3. **Pleadings § 64 (NCI4th)— sanctions—award of attorney's fees proper**

The trial court did not err in awarding defendant attorney's fees where the court found that defendant incurred the fees as a necessary consequence of plaintiff's notice of appeal filed after plaintiff had taken a voluntary dismissal, that the rate was reasonable, and that defendant would not have incurred any additional attorney's fees after the voluntary dismissal if plaintiff had not appealed.

**Am Jur 2d, Pleading § 339.**

Appeal by plaintiff from order filed 15 February 1993 by Judge C. Walter Allen in Burke County Superior Court. Heard in the Court of Appeals 10 February 1994.

*Law Office of Daniel A. Kuehnert, by Daniel A. Kuehnert, and Stephen T. Daniel & Assoc., P.A., by Stephen T. Daniel, for plaintiff-appellant.*

*Hendrick, Zotian, Bennett & Blancato, by Richard V. Bennett and Sherry R. Dawson, for defendant-appellee Valdese General Hospital, Inc.*

LEWIS, Judge.

In January 1991 plaintiff filed this malpractice action against defendant radiologists and Valdese General Hospital (hereinafter

DODD v. STEELE

[114 N.C. App. 632 (1994)]

"Valdese"). In October 1992 the trial court denied plaintiff's motions to compel discovery of certain documents and to continue the case from the 2 November trial date. On 2 November, plaintiff took a voluntary dismissal without prejudice. On 11 November plaintiff filed a notice of appeal from several rulings of the trial court: the denial of plaintiff's motion for a continuance, an order granting summary judgment for several of the defendants, a protective order for Valdese, and an order denying plaintiff's motion to compel discovery. On 2 December 1992 Valdese moved to dismiss plaintiff's appeal and moved for Rule 11 sanctions on the basis that plaintiff acted improperly in appealing after taking a voluntary dismissal. Plaintiff withdrew his appeal on 11 January 1993, and shortly thereafter settled with all remaining defendants.

On 25 January Valdese submitted an affidavit listing $931.00 in attorney's fees. On 15 February the trial judge imposed Rule 11 sanctions and ordered plaintiff's counsel to pay $931.00 to Valdese. The only issue before this Court is the propriety of the Rule 11 sanctions imposed upon plaintiff's counsel.

I.

[1] Plaintiff's counsel (for the purposes of this opinion, plaintiff's counsel will hereinafter be referred to as "plaintiff") first argues that, because he had already filed his appeal in this Court, the trial court had no authority to hear Valdese's motion to dismiss the appeal and impose sanctions. We disagree. According to Rule 25 of the North Carolina Rules of Appellate Procedure, motions to dismiss appeals are made to the court from which the appeal was taken until the appeal has been docketed in the appellate court. N.C.R. App. P. 25 (1994). Plaintiff's appeal was docketed in this Court on 20 May 1993. Because Valdese's motion to dismiss was filed over five months earlier, on 2 December 1992, it was properly directed to the trial court.

Furthermore, neither the dismissal of a case nor the filing of an appeal deprives the trial court of jurisdiction to hear Rule 11 motions. *Bryson v. Sullivan*, 330 N.C. 644, 653, 412 S.E.2d 327, 331 (1992) ("Dismissal does not deprive the court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated"); *Overcash v. Blue Cross & Blue Shield of N.C.*, 94 N.C. App. 602, 617, 381 S.E.2d 330, 340 (1989) (filing a notice of appeal does not deprive the trial court of jurisdiction to hear Rule 11 motions for sanctions).

**DODD v. STEELE**

[114 N.C. App. 632 (1994)]

Valdese's motion for sanctions, therefore, was also properly before the trial court.

We note that at the time the trial court heard Valdese's motion, plaintiff had withdrawn his appeal to this Court. Although this withdrawal mooted Valdese's motion to dismiss, it did not affect its motion for sanctions.

## II.

[2] Plaintiff next contends that the trial court erred in imposing Rule 11 sanctions, arguing that his appeal after filing a voluntary dismissal was warranted by existing law or a good faith extension of existing law. This Court exercises de novo review of the question of whether to impose Rule 11 sanctions. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). If we determine that the sanctions were warranted, we must review the actual sanctions imposed under an abuse of discretion standard. *Id.*

There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. *See* N.C.G.S. § 1A-1, Rule 11(a) (1990); *Bryson*, 330 N.C. at 655, 412 S.E.2d at 332. A violation of any one of these requirements mandates the imposition of sanctions under Rule 11. *Id.* Because we find plaintiff violated the legal sufficiency requirement, we find it unnecessary to address the others. To satisfy the legal sufficiency requirement, the disputed action must be warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Rule 11(a); *Bryson*, 330 N.C. at 655, 412 S.E.2d at 332.

Plaintiff presents several arguments regarding the legal sufficiency of his appeal. First, plaintiff points out that his appeal to this Court concerned various items, and argues that the voluntary dismissal of some of his claims did not affect the appealability of a summary judgment issue involving other defendants not included in the voluntary dismissal. As Valdese points out, however, it did not challenge the validity of the appeal as to the summary judgment order. That portion of plaintiff's appeal was not a basis for the sanctions imposed, and is therefore irrelevant to the determination of the issue at hand. Three of the orders appealed from related to Valdese. Plaintiff's appeal as to these matters was improper, regardless of any other matter or defendant involved in the case.

Second, plaintiff argues that prior practice in North Carolina supports his position. Before adoption of the Rules of Civil Procedure, North Carolina practice permitted appeals by parties who had taken voluntary nonsuits. *See Rochlin v. P.S. West Constr. Co.*, 234 N.C. 443, 67 S.E.2d 464 (1951). If a trial court's ruling was vital to its recovery, a party could take a nonsuit and appeal that ruling. *See Nowell v. Basnight*, 185 N.C. 142, 148, 116 S.E. 87, 90 (1923).

Third, plaintiff contends that an immediate appeal is in the interest of judicial economy, because without an appeal plaintiff would be forced to refile the action and proceed through discovery to a second trial. According to plaintiff, the main difference between the former voluntary nonsuit and a Rule 41 voluntary dismissal is that a voluntary nonsuit could be used repeatedly without limit, while Rule 41 limits a party to one voluntary dismissal and refiling. A second voluntary dismissal is with prejudice. Furthermore, plaintiff points out that an adverse party may appeal when a plaintiff takes a voluntary dismissal. *See West v. G.D. Reddick, Inc.*, 38 N.C. App. 370, 248 S.E.2d 112 (1978).

Fourth, plaintiff finds support for his arguments from other jurisdictions. According to plaintiff, several states which have a similar statute, such as Minnesota, Iowa, and Georgia, permit appeals after voluntary dismissals. *See Gillis v. Goodgame*, 404 S.E.2d 815 (Ga. App. 1991), *rev'd on other grounds*, 414 S.E.2d 197 (Ga. 1992), *and vacated in part*, 418 S.E.2d 470 (Ga. App. 1992); *Beatty v. Winona Housing and Redevelopment Auth.*, 151 N.W.2d 584 (Minn. 1967); *Decorah State Bank v. Zidlicky*, 426 N.W.2d 388 (Iowa 1988). These cases are either not on point or are distinguishable from the case at hand, and provide no support for plaintiff's contentions.

Under North Carolina law, it is clear that a voluntary dismissal terminates a case and precludes the possibility of an appeal. This Court previously has addressed the issue of attempting to appeal after the entry of a voluntary dismissal. In *Lloyd v. Carnation Co.*, 61 N.C. App. 381, 301 S.E.2d 414 (1983), the plaintiff voluntarily dismissed his claims against the defendant and then attempted to appeal an earlier ruling of the trial court. This Court held that by taking a voluntary dismissal without prejudice, the plaintiff had destroyed his right to appeal the earlier adverse ruling of the trial court. *Id.* at 383-84, 301 S.E.2d at 416. The Court stated,

"[t]here was nothing left on which to appeal after the voluntary dismissal." *Id.* at 384, 301 S.E.2d at 416. *See also Ward v. Taylor*, 68 N.C. App. 74, 314 S.E.2d 814 (voluntary dismissal terminates adversary proceedings in a case), *disc. review denied*, 311 N.C. 769, 321 S.E.2d 157 (1984), and *Lowe v. Bryant*, 55 N.C. App. 608, 286 S.E.2d 652 (1982). Plaintiff's arguments clearly are not warranted by existing law, and we find that they do not qualify as good faith arguments for the extension, reversal or modification of existing law.

## III.

[3] Finally, plaintiff contends the court erred in awarding attorney's fees of $931.00. Rule 11 specifically refers to payment of "reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." § 1A-1, Rule 11(a). Plaintiff argues the fees were incurred not because of plaintiff's notice of appeal, but in relation to defendant's Rule 11 motion. According to plaintiff, under North Carolina law it is improper to award attorney's fees if they were incurred for the sole purpose of pursuing a Rule 11 motion. *See Overcash v. Blue Cross and Blue Shield of N.C.*, 94 N.C. App. 602, 381 S.E.2d 330 (1989). Plaintiff contends Valdese could only have incurred $30.00 in attorney's fees as a result of his notice of appeal, noting that no response was required until Valdese was served with a proposed record on appeal. Valdese would be entitled to fees incurred while reviewing the record, however.

Plaintiff's citation to *Overcash* is erroneous. The *Overcash* Court did not state that it would be improper to award attorney's fees under Rule 11 for expenses incurred in pursuing the Rule 11 matter itself. In that case, the Court determined that the defendant's request for attorney's fees under Rule 11 and ERISA was improper, because the trial court had previously denied the defendant's request for attorney's fees under ERISA. The defendant had already appealed from the denial of the ERISA claim for attorney's fees. The Court held that the defendant's post-trial motion for fees "under ERISA and Rule 11" could not be heard, because the substantive basis of the motion had been adjudicated, and the appeal therefrom divested the trial court of jurisdiction over the post-trial motion. *Id.* at 617-18, 381 S.E.2d at 340.

We find no abuse of discretion in the court's imposition of sanctions here. The court found as a fact that Valdese incurred $931.00 as a necessary consequence of plaintiff's notice of appeal,

and that the rate was reasonable. As a result of plaintiff's appeal, Valdese filed a motion to dismiss the appeal and for sanctions. Valdese would not have incurred any additional attorney's fees after the voluntary dismissal if plaintiff had not appealed. Valdese had to review the notice of appeal, research the availability of appeal after a voluntary dismissal, draft the motion to dismiss the appeal and for sanctions, and review plaintiff's notice of withdrawal of the appeal. We conclude that the court did not abuse its discretion in imposing the particular sanctions at issue in this case.

For the above reasons, we hereby affirm the decision of the trial court in all respects.

Affirmed.

Judges JOHNSON and EAGLES concur.