SHELI NIX, Plaintiff,
v.
SONY COMPUTER ENTERTAINMENT AMERICA, INC., Defendant.
No. COA09-819.
Court of Appeals of North Carolina.
Filed: February 16, 2010.
This case not for publication
Law Offices of Kenneth N. Glover, PLLC, by Kenneth N. Glover, for Plaintiff-Appellant.
Teague, Campbell, Dennis & Gorham, L.L.P., by Jennifer B. Milak and Bradley G. Inman, for Defendant-Appellee.
BEASLEY, Judge.
Sheli Nix (Plaintiff) appeals from the trial court's order striking Plaintiff's amended complaint, dismissing the action and all claims therein against Sony Computer Entertainment America, Inc. (Defendant or SCEA) with prejudice, and awarding Defendant reasonable attorney's fees pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. See N.C. Gen. Stat. § 1A-1, Rule 11(a) (requiring court to sanction an attorney, party, or both for signing any pleading, motion, or other paper that is not well grounded in fact, is unwarranted by existing law or good faith argument for a modification thereof, or is interposed for any improper purpose). We affirm.

FACTS
This action arises out of Plaintiff's allegation that a fire which occurred in her home on 20 August 2005 was caused by a defect in a Sony PlayStation®2 computer electronic system (gaming device) that she had recently purchased. Plaintiff claims that the fire started in the AC power adapter that accompanied the gaming device, resulting in physical injury and property loss to Plaintiff. On 17 September 2007, Plaintiff filed a complaint alleging negligence, breach of implied warranty of merchantability, and a claim for punitive damages against Sony Electronics, Inc. (original Complaint).
In her original Complaint, Plaintiff named the improper defendant. By consent order Plaintiff subsequently dismissed its action with prejudice against Sony Electronics, Inc. and was allowed to amend her Complaint to name SCEA.
At that point, counsel for Defendant SCEA had contacted Plaintiff's counsel, Kenneth N. Glover (Glover), on several occasions to inform him of the results of her investigation into Plaintiff's allegations. Defendant's counsel advised Glover that two local fire officials and a cause-and-origin fire expert had issued independent statements, each concluding that neither the Sony PlayStation®2 nor its adapter were the cause of the fire at Plaintiff's home. SCEA's counsel also informed Glover that both fire officials believed that the gaming device and adapter had been altered by the intentional application of heat to the items. Upon reviewing the fire official's investigative report, Glover informed Defendant's counsel that he would likely be dismissing the case without prejudice but never did so. At the hearing on Sony Electronics, Inc.'s Motion to Dismiss, conducted 24 March 2008, Glover indicated that he had not spoken with the two firefighters nor retained an expert to examine the Sony PlayStation®2 or investigate the cause of the fire.
Defendant's counsel further informed Glover that, based on the investigation, that Plaintiff was pursuing fraudulent claims and indicated that a Rule 11 motion would likely be filed should Plaintiff decide to file an amended complaint against Defendant. Glover responded that it was unlikely he would continue to represent Plaintiff in light of the firefighters' reports but that he wanted to allow his client time to seek other representation and would inform her of Defendant's intent. On 28 April 2008, however, Glover filed an Amended Complaint on behalf of Plaintiff, naming Defendant in this action.
Defendant filed its "Rule 11 Motion" on 1 July 2008, which contended that: (1) the factual allegations contained in the Amended Complaint were not grounded in fact nor warranted by law; (2) the Amended Complaint was brought for an improper purpose; and (3) Plaintiff's counsel had not signed the Amended Complaint while continuing to represent her in the action.
At the Rule 11 hearing on 28 July 2008, Glover represented to the trial court that his failure to sign the Amended Complaint was an oversight, that he did indeed prepare the pleading, and that he had intended to sign the Amended Complaint. Upon Glover's acknowledgment that he would in fact sign the pleading, the trial court found that Plaintiff and Glover prepared, signed, and filed the Amended Complaint. The trial court agreed with Defendant's remaining assertions and concluded that the Amended Complaint was not grounded in fact nor warranted by law and that Plaintiff and Glover filed the pleading for an improper purpose. On 23 September 2008, the trial court entered an order striking Plaintiff's Amended Complaint, dismissing all claims with prejudice against Defendant, and requiring Plaintiff and Glover to reimburse Defendant for attorney's fees in the amount of $8,929.11. Plaintiff appeals.
Plaintiff contends the trial court erred by: (1) concluding the claims in Plaintiff's Amended Complaint were factually insufficient; (2) concluding Plaintiff's Amended Complaint was legally insufficient; (3) concluding Plaintiff's Amended Complaint was brought for an improper purpose; and (4) misinterpreting and misapplying Rule 11 when it awarded fees to Defendant against Plaintiff and Glover, jointly and severally.

STANDARD OF REVIEW
Our Supreme Court has established the applicable standard for appellate review of trial court orders granting or denying motions for sanctions under N.C. Gen. Stat. § 1A-1, Rule 11(a). See Turner v. Duke University, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Pursuant to Turner, we must first conduct a de novo review of the trial court's preliminary decision whether or not to impose mandatory sanctions before we may address the appropriateness of the actual award. See id. ("The trial court's decision to impose or not to impose mandatory sanctions . . . is reviewable de novo as a legal issue.").
The de novo review requires this Court to ascertain whether: (1) "the trial court's conclusions of law support its judgment or determination," (2) "the trial court's conclusions of law are supported by its findings of fact," and (3) "the findings of fact are supported by [the] sufficiency of the evidence." Id. If we answer these three questions affirmatively, "we must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under Rule 11." Persis Nova Constr., Inc. v. Edwards, __ N.C. App. __, __, 671 S.E.2d 23, 27 (2009) (citing Turner, 325 N.C. at 165, 381 S.E.2d at 714).
The final step in reviewing a trial court's order granting a motion for sanctions under Rule 11 calls for our consideration of "the appropriateness of the particular sanction imposed[.]" Turner, 325 N.C. at 165, 381 S.E.2d at 714. Once it is determined as a threshold matter that the decision to impose sanctions was proper, "we must review the actual sanctions imposed under an abuse of discretion standard." Dodd v. Steele, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365 (1994); see also Turner, 325 N.C. at 165, 381 S.E.2d at 714 (supporting the propriety of an abuse of discretion standard here, where "[t]he rule's provision that the court shall impose sanctions for motions abuses . . . concentrates [the court's] discretion on the selection of an appropriate sanction rather than on the decision to impose sanctions" (internal quotation marks omitted).

DISCUSSION
Rule 11 of the North Carolina Rules of Civil procedure, which delineates the circumstances under which sanctions may be imposed, provides, in pertinent part:
Every pleading . . . of a party represented by an attorney shall be signed by at least one attorney of record . . . [which] constitutes a certificate by him that he has read the pleading . . . [and] that to the best of his knowledge, information, and belief formed after reasonable inquiry is well grounded in fact and is warranted by existing law . . . and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading . . . is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, . . . including a reasonable attorney's fee.
N.C. Gen. Stat. § 1A-1, Rule 11(a) (2009) (emphasis added). As the language in the rule suggests, "[t]here are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose." Dodd, 114 N.C. App. at 635, 442 S.E.2d at 365 (citing Bryson v. Sullivan, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992)). "A violation of any one of these requirements mandates the imposition of sanctions under Rule 11." Ward v. Jett Properties, LLC, 191 N.C. App. 605, 607, 663 S.E.2d 862, 864 (2008) (quoting Static Control Components, Inc. v. Vogler, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002))(internal quotation marks omitted); see also Bryson, 330 N.C. at 655, 442 S.E.2d at 332 ("A breach of the certification as to any one of these three prongs is a violation of the Rule."); Golds v. Central Express, Inc., 142 N.C. App. 664, 668, 544 S.E.2d 23, 27 (2001) ("In other words, Rule 11 provides that a pleading must contain [these three parts] to avoid the imposition of sanctions[,] . . . [and a] pleading lacking in any of these three areas is sufficient to support sanctions under [the Rule].").

A. Imposition of Sanctions
In the instant case, the trial court found Plaintiff violated all three requirements under Rule 11. Careful review of the record has led us to conclude Plaintiff violated the factual certification prong, justifying the imposition of sanctions. Therefore, we address Plaintiff's argument regarding this requirement. "Because we find plaintiff violated the legal sufficiency requirement," and "[a] violation of any one of these requirements mandates the imposition of sanctions under Rule 11, . . . we find it unnecessary to address the others." Dodd, 114 N.C. App. at 635, 442 S.E.2d at 365.
Plaintiff argues that the trial court erred in concluding that the allegations contained in the Amended Complaint were factually insufficient. We disagree.
When analyzing the factual sufficiency of the Amended Complaint, this Court must determine "`(1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact.'" Persis Nova, __ N.C. App. at __, 671 S.E.2d at 27 (quoting Page v. Roscoe, LLC, 128 N.C. App. 678, 681-82, 497 S.E.2d 422, 425 (1998)). An inquiry will be deemed objectively reasonable if "`given the knowledge and information which can be imputed to a party, a reasonable person under the same or similar circumstances would have terminated his or her inquiry and formed the belief that the claim was warranted under existing law.'" Static Control, 152 N.C. App. at 604, 568 S.E.2d at 308 (quoting Bryson, 330 N.C. at 661-62, 412 S.E.2d at 336).
Upon reviewing Defendant SCEA's Rule 11 Motion, the pleadings, affidavits, testimony of Plaintiff, brief by Defendant, and arguments of counsel, the trial court made the following pertinent findings of fact:
1. After the original complaint in this action was filed, in November 2007, counsel for defendant Sony Computer Entertainment America Inc. ("SCEA") learned that one of the fire officials for the City of Newport who had investigated the fire at issue in the present action, Captain Eric Stephenson, had signed a written statement concerning the cause of the fire. On November 28, 2007, SCEA's counsel shared verbally and by facsimile with Ms. Nix's counsel, Kenneth N. Glover, Captain Stephenson's statement, which concluded that  contrary to Ms. Nix's allegations in this action  the fire was not caused by SCEA's PlayStation®2 computer entertainment system ("PS2 system"). Captain Stephenson's statement went on to conclude that the PS2 system in dispute had been tampered with after the fire. On November 28, 2007, defendant's counsel faxed Mr. Glover a copy of Captain Eric Stephenson's report and statement.
2. SCEA's counsel then personally met with the City of Newport's Fire Chief Robert Holt who, with Captain Stephenson, had also investigated the fire at issue in the present action. Chief Holt also stated in a sworn affidavit that neither the PS2 system nor its adapter caused the fire. Chief Holt further indicated that the PS2 system in dispute had been tampered with after his investigation of the fire. SCEA's counsel immediately shared this information with Glover by faxing him a copy of Chief Holt's affidavit. In his affidavit, Chief Holt swore that "either a candle or cigarette smoking was responsible for the ignition of the fire." Chief Holt further concluded that, at some point after his investigation of the fire scene, someone had tampered with the adapter for the PS2 system in a manner creating the false appearance that the PS2 system or adapter had contributed to the ignition or perpetuation of the fire.
. . . .
4. At no point did Mr. Glover or anyone else on Ms. Nix's behalf have the PS2 system in dispute examined by an expert, nor did anyone acting for Ms. Nix ever attempt to meet or speak with any of the City of Newport fire officials who had investigated the cause of the fire. Ms. Nix presented her testimony and no other evidence of the cause of the fire.
5. At the March 24, 2008 hearing, SCEA's counsel advised Mr. Glover that unless plaintiff could present a factual basis for this action based upon a reasonable inquiry SCEA intended to file a Rule 11 Motion. Mr. Glover stated that he understood and would also inform his client of the defendant's request and intent.
6. Mr. Glover prepared and, on April 28, 2008, filed an amended complaint naming defendant.
7. Thereafter, on June 19, 2008, SCEA's counsel once again spoke with Mr. Glover by telephone and requested that he either (a) present a factual basis for the present action based upon a reasonable inquiry or (b) dismiss the action with prejudice. On this same day, SCEA's counsel provided Mr. Glover with the affidavit of David Smith, a Certified Fire Investigator with expertise in fire origin and cause analysis. Not long after the fire that is the subject of this action, Mr. Smith investigated the fire scene  including the disputed PS2 system  and conducted a cause and origin analysis. Mr. Smith's affidavit concluded that no evidence supports a conclusion that the PS2 system in dispute caused the fire. Rather, according to Mr. Smith, the likely origin of the fire was either a candle or a cigarette, the remains of both of which Mr. Smith observed in the area of the fire's origin.
. . . .
10. As of the date of the Rule 11 Motion hearing, no one on Ms. Nix's behalf had consulted with any expert to determine the cause of the fire. In addition, . . . Mr. Glover had not spoken with any of the City of Newport fire officials who investigated the fire that is the subject of this action.
11. At the hearing, no one presented any evidence that the fire that is the subject of the present action was caused by any PS2 system distributed by the defendant nor by any other product distributed by the defendant.
Based on these findings of fact, the trial court concluded that "[b]efore filing the original complaint and the amended complaint in this action, neither the plaintiff in this action, Sheli Nix, nor her attorney, Kenneth N. Glover, made a reasonable inquiry of the facts alleged," such that "[t]he factual allegations contained in the amended complaint in the present action were not and are not grounded in fact." Plaintiff argues in her brief that she was aware that Play Stations had previously caused fires to the extent that Sony had set up a "hotline" to deal with this problem. Where Glover contacted Defendant's hotline on behalf of his client and filed the original Complaint based on that conversation, Plaintiff contends that her inquiry into the facts was reasonable. The trial court concluded that "[t]he issue is whether or not that Play Station caused the fire and that's where your investigation has to begin, with that fire."
We agree that Plaintiff and Glover failed to conduct a reasonable inquiry into the facts, where they did not undertake the most cursory investigation to determine whether the gaming device was indeed the cause of the fire. In fact, the only investigation conducted by any party of the Plaintiff's allegations was that independently undertaken by Defendant. Had Plaintiff's counsel similarly inquired into the facts, he too would have concluded that there was no evidence to support claims of negligence, breach of warranty, and punitive damages. See Hill v. Hill, 173 N.C. App. 309, 314, 622 S.E.2d 503, 507 (2005) (finding plaintiff's position was not grounded in fact where it was the party moving for Rule 11 sanctions that conducted the reasonable inquiry and established that "there was insufficient evidence to establish a factual basis to prove any claims" alleged in the amended complaint").
Thus, a mere call to Defendant's hotline, without further inquiry into the cause of the fire at Plaintiff's home, does not rise to the level of reasonableness demanded by Rule 11. Especially when compared to the far more extensive investigation conducted by Defendant, it is clear Plaintiff and Glover did not conduct a reasonable inquiry into the allegations and that the pleading consequently lacked factual sufficiency. Not only did Plaintiff's attorney fail to complete an investigation, but when made aware of the outcome of Defendant's investigation, Glover ignored those results and filed a groundless complaint. Plaintiff and Glover failed to ensure factual sufficiency at the outset, and they also failed to make any reasonable inquiry into the facts alleged in the Amended Complaint after having expressly been given the opportunity to do so. See Shook v. Shook, 95 N.C. App. 578, 584, 383 S.E.2d 405, 408 (1989) (affirming the imposition of sanctions against plaintiff's attorney "after he filed the complaint and he still failed to inquire and amend the pleadings even with ample opportunity to do so"). Accordingly, we conclude that the trial court's findings of fact were supported by sufficient evidence and that the findings supported the conclusions that Plaintiff and Glover failed to make a reasonable inquiry of the facts alleged. Therefore, the trial court properly concluded that Plaintiff's Amended Complaint lacked any factual grounding and that the imposition of sanctions was appropriate.

B. Appropriateness of the Sanctions
"The final step in reviewing the imposition of Rule 11 sanctions requires this Court to consider, under an abuse of discretion standard, the appropriateness of the sanction actually imposed." Johns v. Johns, __ N.C. App. __, 672 S.E.2d 34, 43 (2009) (citing Turner, 325 N.C. at 165, 381 S.E.2d at 714). "The North Carolina statute authorizing the imposition of Rule 11 sanctions does not authorize specific types of sanctions, but instead enables a trial court to impose `appropriate sanction[s].'" Harris v. Daimler Chrysler Corp., 180 N.C. App. 551, 561, 638 S.E.2d 260, 268 (2006). Here, the abuse of discretion standard "is intended to give great leeway to the trial court and a clear abuse of discretion must be shown." Central Carolina Nissan, Inc. v. Sturgis, 98 N.C. App. 253, 264, 390 S.E.2d 730, 737 (1990). The trial court abuses its discretion "only upon a showing that its actions are manifestly unsupported by reason." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
Plaintiff does not challenge the trial court's decision to strike the Amended Complaint or to dismiss the action in its entirety with prejudice against Defendant. Rather, Plaintiff contends that Glover's conduct was not sufficient to warrant the trial court's award of attorney's fees to Defendant against Plaintiff and her attorney, jointly and severally.
Rule 11 allows for sanctions against the attorney, a represented party, or both. Plaintiff argues that Glover's actions do not merit sanctions because he filed a Motion to Withdraw and because he only filed an Amended Complaint to which he was under court order to file. Both of these arguments are meritless. First, Glover did not file his Motion to Withdraw until 3 July 2008, two days after the Motion for Rule 11 Sanctions was filed. Seeking withdrawal after engaging in conduct that violates Rule 11 cannot shield an offending attorney from incurring sanctions. See VSD Communications, Inc. v. Lone Wolf Publishing Group, 124 N.C. App. 642, 644, 478 S.E.2d 214, 216 (1996) (holding voluntary dismissal did not change the fact that "[Rule 11] motions have a life of their own and they address the propriety of the adversary proceedings that have previously occurred in the case without regard to whether the adversary proceedings . . . are continuing when the motion . . . is filed."). Second, the order permitting Plaintiff to file an amended complaint in no way prevented Glover and Plaintiff from voluntarily dismissing the action upon learning it was not grounded in fact. This they failed to do.
The trial court found that Plaintiff and her attorney signed the Amended Complaint in violation of the factual certification requirement of the Rule. Moreover, it is clear from the record and the trial court's order that sanctions were imposed because there was no basis in fact for any claim by Plaintiff against Defendant. Thus, the trial court was well within its discretion to impose reasonable attorney's fees on Plaintiff and Glover, jointly and severally. While Plaintiff does not challenge the amount of the fees awarded, we note that the trial court's determination was supported by an affidavit from Defendant's counsel detailing the expenses her client incurred in connection with the Amended Complaint.
Accordingly, the order of the trial court is
Affirmed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).